The PEOPLE of the State of Colorado, Complainant,

v.

Dwight A. YOUNG, Attorney-Respondent.

No. 83SA189.

Supreme Court of Colorado, En Banc.

Jan. 9, 1984.

Linda Donnelly and George S. Meyer, Denver, for complainant.

Michael D. Gross, Colorado Springs, for attorney-respondent.

DUBOFSKY, Justice.

In this disciplinary proceeding, the Supreme Court Grievance Committee recommended that the respondent, Dwight Young, who was admitted to the practice of law in Colorado on October 2, 1973, be disbarred, that he be assessed costs in this matter, and that he be ordered to make restitution to one of the complainants. We approve the recommendation and order that the respondent be disbarred.

The Grievance Committee found, by clear and convincing evidence, that the respondent's conduct in three separate instances constituted neglect or misrepresentation. Because of a substantial record of past disciplinary violations, the respondent's conduct warrants disbarment.

The first instance involves the respondent's representation to his client that he had filed a law suit against the City of Victor for the false arrest of her minor son. Respondent earlier had represented the minor son at a juvenile detention hearing and secured the son's release. In September, 1978, the respondent wrote to his client, enclosing a copy of the proposed complaint to be filed against the city. Although there was conflicting testimony over whether the respondent told the client that he had actually filed the suit, the client did not learn that it had not been filed for two and one-half years, and then only when she retained another attorney. The evidence established that between the time the respondent forwarded the proposed complaint to his client and late 1980, the respondent determined that the city had probable cause to arrest the minor son, which would constitute an absolute defense to the complaint which the respondent had drafted. However, the respondent did not communicate to his client that the lawsuit was unmeritorious and that he did not intend to file it.

After the matter had become the subject of a grievance, the respondent failed to keep either of two scheduled appointments with the Grievance Committee investigator and neglected to file an answer to the Committee complaint. The respondent's conduct violated C.R.C.P. 241.6(1) (violation of the Code of Professional Responsibility) and (7) (failure to respond to a request by the Committee), and DR 1–102(A)(1) and DR 6–101(A)(3) (neglect of a legal matter).

The second instance involved respondent's real estate dealings with a corporation, Nicholas Specialties, which he had incorporated for two clients. Shortly after incorporation, one of the clients told the respondent that Nicholas Specialties would be interested in participating in real estate investments with the respondent. The respondent had been a licensed realtor since 1973. Subsequently, Nicholas Specialties paid the respondent an agreed upon amount to purchase a residence in the name of respondent's corporation, Rocky Mountain Land and Marketing, Inc. (RML). Respondent moved into the residence and Nicholas Specialties issued checks for a portion of the monthly mortgage payment for the property. However, the respondent did not make the mortgage payments, and the mortgage was foreclosed on the residence in March, 1980.

In February, 1980 Nicholas Specialties again gave the respondent money for RML to purchase a four-plex. After the respondent refused to supply certain documents, the clients discovered that the respondent never purchased the four-plex, and instead applied the purchase money to his debts. In addition, the respondent forged an appraisal for the first property, converted other funds given him by Nicholas Specialties, and forged the signature of one of the clients on an account he had opened at a savings and loan. The respondent did not inform Nicholas Specialties that the first property had been lost through foreclosure. Nicholas Specialties' loss from both transactions was $8,359.56.

Again, after a grievance was filed, the respondent failed to cooperate with the Grievance Committee. The respondent's conduct with respect to the real estate transactions violated C.R.C.P. 241.6(1) (violation of the Code of Professional Responsibility), (2) (violation of standards of legal ethics), (3) (violation of the highest standards of honesty, justice, or morality), and (7) (failure to cooperate with the Commit-

tee), and DR 1–102(A)(1) and (4) (conduct involving dishonesty, fraud, deceit or misrepresentation and which adversely reflects on the respondent's fitness to practice law).

The third instance involves the respondent's relationship with Veterinary Medical Association, Ltd. (VMA). In 1975, the respondent prepared a lease agreement for a building owned by VMA; under the lease, VMA was the landlord and the respondent was the tenant. The lease provided that the respondent would pay rent of $400 per month, expend $10,000 for permanent leasehold improvements, and that the landlord would have an option to purchase the leasehold improvements for $10,000. If the landlord exercised the option, the lease provided that the respondent's rent would increase to $600 per month.

In December, 1975, when VMA sought to refinance the building, it needed a verification for the First National Bank of Colorado Springs that VMA had purchased the leasehold improvements for $10,000 and that the respondent's rent was $600 per month. By letter dated January 20, 1976, respondent expressly represented to the bank that he had paid approximately $10,000 for permanent leasehold improvements and fixtures on the premises and that VMA had purchased the improvements. The respondent also acknowledged that he was paying rent of $642.05 per month. Contrary to what was contained in the letter, VMA had not purchased the improvements and the respondent was not making rental payments in the amount of $642.05 per month. Subsequently, the respondent was evicted from the premises for nonpayment of rent.

Respondent's representations to the bank were untrue and misled the bank. The respondent violated C.R.C.P. 241.6(1) (violation of the Code of Professional Responsibility), (2) (violation of standards of legal ethics), (3) (violation of the highest standards of honesty, justice, or morality), and (4) (an act or omission which constitutes gross negligence), and DR 1–102(A)(1) and (4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

The respondent's record of prior discipline includes the following: a public censure on June 11, 1979; a letter of admonition on June 3, 1981; and our acceptance on February 26, 1981, of the respondent's surrender of his license to practice law. The order directing the respondent to surrender his license stated that he could not apply for reinstatement for at least one year from the date of the order and must demonstrate a right to practice law by clear and convincing evidence under C.R.C.P. 253. The respondent has not applied for reinstatement.

The respondent's past record, coupled with the matters involved in this case, reflects a continued pattern of conduct involving neglect and misrepresentation. In addition, the respondent failed to cooperate in the investigation by the Grievance Committee.

Accordingly, it is ordered that the respondent be disbarred and his name be stricken from the roll of lawyers authorized to practice before the Supreme Court. The respondent is ordered to pay costs of $1,725.26 within six months from the date of the announcement of this opinion to the Supreme Court Grievance Committee, 190 East 9th Avenue, Suite 440, Denver, Colorado 80203, and is also ordered to make restitution within two years to Nicholas Specialties in the amount of $8,359.59, plus statutory interest. His readmission is conditioned upon full compliance with C.R.C.P. 241.22(a) and full payment of costs and restitution.