views expressed in this opinion.[13]

**The PEOPLE of the State of Colorado, Complainant,**

v.

**Charles Robert LYONS, Attorney–Respondent.**

**No. 88SA171.**

Supreme Court of Colorado, En Banc.

Sept. 12, 1988.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Charles Robert Lyons, Broomfield, pro se.

ROVIRA, Justice.

In this attorney disciplinary case, a hearing panel of the Supreme Court Grievance Committee has recommended that the respondent, Charles Robert Lyons, be disbarred and that the costs of these proceedings be assessed against him. We approve the recommendation.

Lyons is a member of the bar of this state and was admitted to practice in 1957. In July 1987, an eight-count complaint, No. 87B–84, was filed against him. Each count referred to a different client of the respondent, and in substance alleged that beginning in the latter part of 1985 and continuing through 1986, the respondent accepted fees for legal services, failed to perform the services, neglected and abandoned his clients, and did not return any portion of the unearned fees. The complaint alleged that the respondent's conduct violates Rule 241.6 of the Colorado Supreme Court Rules concerning discipline of attorneys and several of the disciplinary rules of the Code of Professional Conduct.

Upon the respondent's failure to file an answer, an order for default was entered. Subsequently, the attorney for the complainant moved to set aside the default on the grounds that the parties had entered into a stipulation of facts and, therefore, the matter should proceed on its merits. The motion was granted.

In November 1987, a one-count complaint, No. 87B–126, was filed against the respondent, alleging that he had accepted a fee for legal services but had failed to perform those services and had, in effect, abandoned his client. The complaint alleged a violation of the same rules as were set out in the first complaint. The parties agreed to a consolidation of the two cases and another stipulation of facts was en-

tered into covering the allegations contained in the second complaint.

Both stipulations of fact covered in detail the factual allegations of the complaints. The respondent admitted multiple acts of misconduct and all of the material allegations of the complaints. A detailed recitation of the nine counts and the facts and circumstances behind each count would serve no useful purpose and unduly lengthen this opinion. Accordingly, we will only review two of the counts which are representative and which establish the pattern of respondent's misconduct.

First, in July 1986, Judy Blazek, the complaining witness, saw respondent's name in a newspaper ad and met with him on July 10, 1986, concerning a divorce. Respondent and Ms. Blazek entered into a flat fee agreement for an uncontested divorce for $375 for fees and $84 for costs. Ms. Blazek gave respondent a check for $459 that day and later paid an additional $13 for service of process costs. Respondent filed the petition on August 19, 1986, in the Jefferson County District Court. Respondent took no further action on Ms. Blazek's behalf.

Ms. Blazek tried repeatedly to obtain copies of the paperwork that respondent claimed to have prepared; however, he never sent her copies of anything. Her efforts to reach him thereafter were futile, and she filed a request for investigation with the Grievance Committee on September 30, 1986.

On October 28, 1986, respondent's counsel contacted Ms. Blazek to ascertain whether she would permit respondent to continue her case. She gave permission that he do so but has never heard from respondent since, nor has he returned any portion of the $459. Ms. Blazek tried to reach respondent several times in November; she also called respondent's counsel who informed her that he was no longer representing the respondent. Ms. Blazek then retained new counsel and paid her $300 to conclude the dissolution proceeding.

Second, Beverly Nielsen, who resides in Laramie, Wyoming, obtained respondent's name from an ad in the yellow pages. She contacted respondent on August 6, 1986, regarding an uncontested divorce. By the end of August, she had paid respondent $480 to cover his fees ($375), the filing fee ($84), and service of process ($21). Ms. Nielsen never heard from respondent, no papers were ever filed, and respondent did not return her $480.

In December 1986, while in Denver, Ms. Nielsen tried to reach respondent; she was told by an associate in the firm that respondent no longer worked there and that he did not know where he could be contacted. Ms. Nielsen filed a request for investigation with the Grievance Committee on December 30, 1986.

Each of the other counts sets out a similar scenario. The respondent would accept legal work, obtain a fee, do little or nothing to earn the fee, and ignore all efforts of his clients to contact him.

The stipulations reflect a recognition by the respondent that his conduct violates DR1–102(A)(1) (violation of a disciplinary rule), DR6–101(A)(3) (neglect of a legal matter), DR7–101(A)(1) (failure to seek lawful objectives of client), DR7–101(A)(2) (failure to carry out a contract of employment), DR7–101(A)(3) (prejudice or damage to client), DR9–102(B)(4) (failure to pay funds in possession of lawyer which client is entitled to receive), and C.R.C.P. 241.6 (misconduct constituting grounds for discipline).

The hearing board concluded, based on the stipulations entered into evidence, that the respondent had violated the aforementioned rules. It then heard from both parties concerning mitigation and aggravation. The respondent testified that during the period of time that the complaints were filed, he was closing down his practice. Further, he had domestic difficulties of his own, that he is a diabetic, that he has custody of two grandchildren, and in January 1987, he was evicted from his law office for failure to pay rent. As a result of his eviction, his files were accidently thrown away. The respondent stated that he had no desire to practice law in the near future, and he was presently working in a business unrelated to the practice of law.

He requested that discipline be less than disbarment.

The disciplinary prosecutor argued for disbarment and also advised the board of the fees and costs paid by the nine persons who filed grievances against the respondent which were not returned to them. The amount of $4,492 was agreed to by respondent and he indicated a willingness to make restitution over a period of time.

Although the board found the respondent to be forthright and that he acknowledged the severity of the complaints against him, it was convinced that the respondent's conduct warranted the most severe sanction. In reaching this decision, the board considered prior discipline of the respondent: two letters of admonition in 1974 and 1985, and a private censure in 1977.

The board recommended disbarment; that respondent be required to make restitution; and that the fact of restitution should be considered favorably in any application for readmission. A hearing panel approved the findings and recommendations of the board.

Respondent did not file exceptions to the findings and recommendation of the board. He concedes that his conduct violated the Code of Professional Responsibility and the rules previously noted in this opinion. Accordingly, our only task is to determine whether the sanction of disbarment is appropriate. We believe it is.

Section 4.41 of the *American Bar Association Standards for Imposing Lawyer Sanctions* (1986), relied upon by the hearing board for its recommendation of disbarment, provides that:

**4.4 Lack of Diligence**

. . . .

4.41 Disbarment is generally appropriate when:

. . . .

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

The hearing board found that the "degree of the abandonment of the respondent's clients over a lengthy period of time was extreme," and that the 1985 letter of admonition was issued to him for neglect of a legal matter.

The evidence is undisputed that the respondent followed a consistent pattern over a period of two years of accepting fees for services, not providing the services, and refusing to respond to his clients' inquiries. *ABA Standards for Imposing Lawyer Sanctions* § 9.22(c), (d) (1986) (pattern of misconduct and multiple offenses aggravating factors). The respondent's conduct caused serious or potentially serious injury to his clients and demonstrated a complete lack of concern on his part for their interests and welfare. *See People v. James,* 731 P.2d 698 (Colo.1987), and *People v. Golden,* 654 P.2d 853 (Colo.1982).

For these reasons, it is ordered that the respondent be disbarred from the practice of law effective 30 days after the date of this order, as provided in C.R.C.P. 241.-21(a), and that his name be stricken from the roll of attorneys licensed to practice law in this state. It is further ordered that the respondent pay restitution in the total sum of $4,492, and pay the costs of these proceedings in the amount of $263.47. Costs shall be payable within 90 days of the date of this opinion to the Supreme Court Grievance Committee, Dominion Plaza, Suite 500S, 600 Seventeenth Street, Denver, Colorado 80202–5435.