**The PEOPLE of the State of Colorado, Complainant,**

v.

**Loyall Don WYMAN, Attorney-Respondent.**

**No. 89SA190.**

Supreme Court of Colorado, En Banc.

Oct. 16, 1989.

Linda Donnelly, Disciplinary Counsel, and Susan L. Fralick, Asst. Disciplinary Counsel, Denver, for complainant.

Loyall Don Wyman, Denver, pro se.

Justice VOLLACK delivered the Opinion of the Court.

In this disciplinary proceeding we consider two consolidated cases involving respondent Loyall Don Wyman. The Hearing Panel of the Supreme Court Grievance Committee (Panel) consolidated the findings of fact and recommendations of two hearing boards to make a single recommendation to the court. The Panel unanimously approved the findings of fact in each case and the recommendation in case GC 88B-69 that the respondent be suspended for three years and that the costs of both proceedings be assessed against him.

We reject the Panel's recommendation because respondent has engaged in a pattern of serious neglect and multiple offenses which has resulted in serious or potentially serious injury to his clients. We order that respondent be disbarred and that he be ordered to pay the costs of these proceedings.

I.

The respondent, Loyall Don Wyman, was admitted to the bar of the Supreme Court of the State of Colorado in 1967, and is therefore subject to the jurisdiction of this court and its Grievance Committee. The matters from which this disciplinary action originated involve respondent's continued neglect of matters entrusted to him by his clients.

The Hearing Board (Board), on the first complaint, found that the respondent had failed to file an answer, and entered a default against respondent on February 26,

1988. At the Board hearing on May 31, 1988, the Board found as a matter of law that, by entry of the default, all the facts alleged in the complaint were admitted and all violations of Disciplinary Rules were also admitted. The respondent was present at the hearing on May 31, 1988, and filed no exception to this finding.

### A. The First Complaint

The facts found by the Board in the first complaint were that respondent represented Ms. Lou O'Rourke (O'Rourke) in an action brought against her by Allstate Insurance Company which arose out of an automobile accident. Respondent submitted an answer and counterclaim on behalf of O'Rourke, but did not answer Allstate's correspondence and failed to appear at the trial. A pretrial statement which Allstate mailed to respondent was returned by the post office as "unclaimed." On the morning of trial, neither respondent nor O'Rourke appeared. The court attempted to call respondent at the phone number listed on his pleading but the number was disconnected. The court, after waiting for respondent to appear, entered a default judgment against O'Rourke. On June 1, 1987, the judge who entered the default against O'Rourke requested that the Grievance Committee investigate the conduct of the respondent.

While the investigation was still pending, the Colorado Department of Revenue was notified of the judgment against O'Rourke and suspended her driver's license under the Financial Responsibility Act. O'Rourke did not learn of the judgment against her or the suspension of her license until the Grievance Committee contacted her in November 1987. The respondent failed to respond to the request of the Grievance Committee without showing good cause.

The Board found by clear and convincing evidence that respondent had violated C.R. C.P. 241.6, C.R.C.P. 241.6(7),[1] DR 1–102(A)(1), DR 1–102(A)(5),[2] DR 6–101(A)(3),[3] DR 7–101(A)(1), DR 7–101(A)(2), and DR 7–101(A)(3).[4]

---

**1. Rule 241.6. Grounds for Discipline**
Misconduct by a lawyer, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:
(1) Any act or omission which violates the provisions of the Code of Professional Responsibility;
(2) Any act or omission which violates accepted rules or standards of legal ethics;
(3) Any act or omission which violates the highest standards of honesty, justice, or morality;
(4) Any act or omission which constitutes gross negligence, if committed by a lawyer in his capacity as a lawyer.
(5) Any act or omission which violates the criminal laws of this state or any other state, or of the United States; provided that conviction thereof in a criminal proceeding shall not be a prerequisite to the institution of disciplinary proceedings, and provided further that acquittal in a criminal proceeding shall not necessarily bar disciplinary action;
(6) Any act or omission which violates these Rules or which violates an order of discipline or disability;
(7) Failure to respond to a request by the Committee without good cause shown or obstruction of the Committee or any part thereof in the performance of its duties. Good cause includes, but is not limited to, an asser-

tion that a response would violate the respondent's constitutional privilege against self-incrimination.
This enumeration of acts and omissions constituting grounds for discipline is not exclusive, and other acts or omissions amounting to unprofessional conduct may constitute grounds for discipline.
7A C.R.S. (1988 Supp.).

**2. DR 1–102. Misconduct.**
(A) A lawyer shall not:
(1) Violate a Disciplinary Rule.
. . . .
(5) Engage in conduct that is prejudicial to the administration of justice.
7A C.R.S. (1977).

**3. DR 6–101. Failing to Act Competently.**
(A) A lawyer shall not:
. . . .
(3) Neglect a legal matter entrusted to him.
7A C.R.S. (1977).

**4. DR 7–101. Representing a Client Zealously.**
(A) A lawyer shall not intentionally:
(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7–101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in ful-

## B. The Second Complaint

A hearing was held on the second complaint against the respondent on February 9, 1989. The respondent, who represented himself at the hearing, was found to be in default for failure to answer the complaint, and therefore, as a matter of law, the allegations of the complaint are admitted and all violations of Disciplinary Rules are also admitted. The respondent filed no exceptions or objections to the Board Findings.

The second complaint contained five counts of misconduct.

## Count I

The respondent represented Shew Wong (Wong), who owned and operated a restaurant. In his representation of Wong, respondent prepared a management agreement which respondent knew required approval from the landlord of the restaurant premises. Respondent nevertheless advised Wong that he could enter into the agreement prior to obtaining the consent of the landlord. Wong entered into the agreement and allowed the manager to commence operations. As a result of respondent's advice, Wong was evicted and suffered substantial economic loss.

## Count II

The respondent entered his appearance on behalf of Lezlie L. Moore (Moore) in Grand County County Court on a serious traffic violation on November 5, 1987. The court set a dispositional hearing for December 8, 1987, and sent notice of the hearing to respondent. On December 8, 1987, neither respondent nor Moore appeared. The court set a show-cause hearing for January 6, 1988, and ordered Moore and respondent to appear. Moore contacted the court; respondent did not appear. The court advised Moore to make application to the Public Defender for representation. Her case is still pending. Respondent never appeared or contacted the court.

## Count III

Kermit Rast (Rast) retained respondent to represent him on a claim against a former employer and an insurance company for failure to pay medical bills. The defendant did not answer and, on August 7, 1985, the court ordered respondent to file an application for default judgment or a status report by September 9, 1985, or the case would be dismissed. Respondent did not comply with the court's order and the case was dismissed on September 30, 1985. Rast tried on numerous occasions to get respondent to respond to his calls and correspondence, and advise Rast of the status of his litigation. Three years after the case was dismissed respondent advised Rast he was not interested in the case and returned the case file to Rast.

## Count IV

Respondent was retained by Glenn Ray Moores (Moores) to file a suit against the City and County of Denver and two police officers for alleged assault and battery, false arrest, false imprisonment, and malicious use of process.

Respondent filed the complaint on September 14, 1987, but never served the defendants and took no further action on the case. The suit was dismissed by the court on February 26, 1988, for failure to prosecute.

After the case had been dismissed, respondent continued to advise Moores that all that needed to be done on the case was to set a court date. Respondent later advised Moores that he did not know the suit had been dismissed and that he had served the police officers, which was not the case.

## Count V

The respondent, without good cause, failed to respond to the request for investi-

---

filling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.

(2) Fail to carry out a contract of employment entered into with a client for profession-

al services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105.

(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7–102(B).

7A C.R.S. (1977).

gation of the four counts, contrary to, and in violation of, C.R.C.P. 241.6(7).

## III.

Respondent's actions demonstrate that he maintains an extreme indifference to the welfare of his clients and the status of their cases. The Board correctly found that such neglect violates DR 1–102(A)(1) (violation of a Disciplinary Rule); DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice); DR 6–101(A)(3) (neglecting a matter entrusted to attorney); DR 7–101(A)(1) (failure to seek client's lawful objectives through reasonably available means permitted by law); DR 7–101(A)(2) (failure to carry out contract of employment entered into with client); DR 7–101(A)(3) (prejudice or damage to client during course of professional relationship); C.R.C.P. 241.6, and C.R.C.P. 241.6(7) (failure to respond to request by Grievance Committee).

The two complaints against respondent, which are deemed admitted due to respondent's failure to answer, and respondent's own testimony at the hearings, establish the professional misconduct described.

Section 4.41 of the *ABA Standards for Imposing Lawyer Sanctions* (1986) provides:

Disbarment is generally appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

"A lawyer owes an obligation to his client to act with diligence in handling his client's work." *People v. Kendrick*, 646 P.2d 337, 340 (Colo.1982). Respondent's continued neglect of his cases constitutes willful misconduct. *People v. May*, 745 P.2d 218, 220 (Colo.1987). Respondent should be disbarred because he neglected the matters of a number of his clients for a period of at least three years, and as a result his clients suffered harm and prejudice. *People v. Sanders*, 713 P.2d 837 (Colo.1985). Aggravation of prior discipline (November 1983 letter of admonition and February 1989 public censure) arising out of similar conduct, in addition to Respondent's failure to cooperate with the Grievance Committee, support disbarment at this time. *People v. Young*, 673 P.2d 1003 (Colo.1984). The respondent in *Young* was disbarred because of his continued pattern of neglect and misrepresentation, and his failure to cooperate in the investigation by the Grievance Committee. *Id.* at 1005. While the record in the present case does not contain the serious misrepresentations described in *Young*, 673 P.2d at 1005, respondent's negligence is serious enough to warrant his disbarment. The record in the present case demonstrates that respondent has remained insensitive to his professional duties in the face of adverse judgments due to his neglect, client complaints, and repeated disciplinary proceedings.

We order that the respondent, Loyall Don Wyman, be disbarred and that his name be stricken from the roll of lawyers authorized to practice before this court. Disbarment shall become effective thirty days after the date of this order. C.R.C.P. 241.21(a), 7A C.R.S. (1988 Supp.). The respondent is ordered to pay the costs of this proceeding in the amount of $203.39 within thirty days from the date of this order, to the Supreme Court Grievance Committee, 600—17th Street, Suite 500–S, Denver, Colorado, 80202–5435.