The PEOPLE of the State of
Colorado, Complainant,

v.

Dan B. FAHRNEY,
Attorney–Respondent.

No. 90SA7.

Supreme Court of Colorado,
En Banc.

May 21, 1990.

Linda Donnelly, Disciplinary Counsel, and John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for respondent.

PER CURIAM.

In this disciplinary proceeding we consider two consolidated cases involving several acts of misconduct by the respondent, Dan B. Fahrney. A hearing panel of the Supreme Court Grievance Committee consolidated the findings of fact and recommendations of two hearing boards and made a single recommendation that Fahrney be suspended from practicing law for two years. We, however, find Fahrney's misconduct sufficiently grave to warrant disbarment.

Fahrney did not file an answer to either of the two complaints filed against him. The hearing boards therefore entered his defaults, with the result that the facts and charges in the complaints were deemed admitted. C.R.C.P. 241.13(b); *People v. Richards*, 748 P.2d 341 (Colo.1987). Fahrney did not attend either hearing conducted by the hearing boards, did not file objections to the report of either hearing board, and did not file exceptions to the report of the hearing panel. Upon receiving the hearing panel's report, we issued to Fahrney a rule to show cause why discipline more severe than that recommended by the hearing panel, including the possibility of disbarment, should not be imposed. Fahrney did not respond.

I.

Fahrney was admitted to the bar of this court on April 15, 1971. He is therefore subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

A. *Representation of Michael T. Wood*

In July 1986, Michael T. Wood retained Fahrney to represent him in a dissolution of marriage action. Wood paid Fahrney a $450 retainer and an additional $370 during the course of the dissolution proceeding. The parties stipulated to permanent orders in October 1986 and read the stipulation into the court record in January 1987. The court deferred entry of the final decree pending submission of a written separation agreement to be prepared by Fahrney.

Wood and opposing counsel repeatedly contacted Fahrney to request that he prepare the separation agreement. Fahrney eventually mailed a separation agreement to opposing counsel in January 1988. The agreement contained errors regarding marital debts, real property transfers and tax exemptions. Moreover, Wood was not afforded the opportunity to review and approve the document prior to its submission

to opposing counsel. The agreement bears a facsimile of Wood's signature, evidently taken from the signature on an earlier, preliminary agreement signed at the permanent orders hearing. On February 23, 1988, opposing counsel hand-delivered the separation agreement to the court, which issued a decree of dissolution that day. Wood only learned of the contents of the separation agreement when his former spouse telephoned him to discuss the inaccuracies in its terms. Wood thereafter made repeated attempts to contact Fahrney, all unsuccessful, and eventually was forced to retain substitute counsel in an attempt to correct the inaccurate agreement.

## B. *Representation of Eddie Don Davis*

In February 1987, Eddie Don Davis retained Fahrney to represent him in a dissolution of marriage action, paying Fahrney a retainer of $409. In April 1987, Fahrney assured Davis that a summons and a dissolution petition had been served on his spouse. When Davis contacted Fahrney in July of that year to check on the status of his case, Fahrney told Davis that it was proceeding and that he would forward papers to Davis' spouse to finalize the dissolution. When they met again in late December 1987, Fahrney assured Davis that the dissolution of marriage should become final within thirty days.

In February 1988, Davis' spouse served him with a summons and petition for dissolution of marriage. When questioned regarding the petition, Fahrney reassured Davis that he had filed a petition for dissolution and that it should become final shortly. In April 1988, after repeated attempts to contact Fahrney proved unsuccessful, Davis retained substitute counsel. Fahrney admitted to the substitute counsel that he had never filed the petition for dissolution, and agreed to refund Davis' retainer.

Fahrney never refunded the $409 retainer to Davis. Davis paid additional fees of $194 to his former spouse's attorney and $65 to substitute counsel.

## C. *Representation of Gloria Sutton*

In December 1987, Gloria Sutton paid Fahrney a $400 retainer to represent her in a dissolution of marriage action. Later that month, Fahrney filed a dissolution petition, a motion for a temporary restraining order and accompanying documents with the court.

Sutton moved to Texas in January 1988, where a reconciliation with her husband took place the following month. At that time, Sutton advised Fahrney to delay further dissolution proceedings.

In August 1988, Sutton contacted Fahrney and requested that he activate the dissolution proceedings. Fahrney agreed. Sutton learned the next month, however, that her spouse had not been notified that she was proceeding with the dissolution. Sutton telephoned Fahrney's office on four occasions in September and October and approximately every other day in November, leaving messages for Fahrney. Fahrney failed to return any of Sutton's telephone calls.

On February 15, 1989, the court issued a dismissal notice pursuant to C.R.C.P. 121 stating that Sutton's petition would be dismissed with prejudice absent a showing of cause why dismissal should not be ordered. Fahrney failed to respond, and Sutton's petition was dismissed on March 17, 1989.

## D. *Failure to Cooperate with the Grievance Committee*

On July 8, 1988, the grievance committee sent a request for investigation in the Wood matter to Fahrney via certified mail, return receipt requested. The return receipt indicated delivery to Fahrney's office the next day. Fahrney did not respond within the time allowed, and was sent a letter on August 5, 1988, reminding him that his answer was overdue. Fahrney still did not respond.

On November 15, 1988, the grievance committee sent a request for investigation in the Davis matter to Fahrney by the same form of mail. As in the Wood matter, the return receipt indicated delivery to Fahrney's office the next day, yet Fahrney

failed to respond despite a subsequent reminder that his answer was overdue.

In the Sutton matter as well the hearing board found that Fahrney failed to respond to the grievance committee without good cause.

## II.

Fahrney's conduct demonstrates an extreme indifference to the welfare of his clients and the status of their cases, together with incidents of deceit. Fahrney violated numerous provisions of the Code of Professional Responsibility: DR 1–102(A)(1) (violating a disciplinary rule), DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), DR 1–102(A)(5) (engaging in conduct that is prejudicial to the administration of justice), DR 1–102(A)(6) (engaging in conduct that adversely reflects on a lawyer's fitness to practice law), DR 6–101(A)(1) (failing to act competently), DR 6–101(A)(3) (neglecting a legal matter entrusted to a lawyer), DR 7–101(A)(1) (failing to seek the lawful objectives of a client), DR 7–101(A)(2) (failing to carry out a contract of employment entered into with a client for professional services), and DR 9–102(B)(4) (failing to return client funds as requested).

Fahrney's conduct is grounds for discipline under C.R.C.P. 241.6 (misconduct justifies discipline), C.R.C.P. 241.6(1) (violating the Code of Professional Responsibility justifies discipline), and C.R.C.P. 241.6(7) (failing to respond to a request by the grievance committee justifies discipline).

We conclude that Fahrney's conduct warrants disbarment. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (hereinafter *"ABA Standards"*) prescribe severe punishment for this type of misconduct. Disbarment is generally appropriate when a lawyer

> knowingly fails to perform services for a client and causes serious or potentially serious injury to a client, 4.41(b);
>
> engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client, *id.* at 4.41(c);

knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potential[ly] serious injury to a client, *id.* at 4.61; or has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession, *id.* at 8.1(b).

This court has disbarred attorneys for chronically neglecting their clients' legal matters and misrepresenting the status of their cases to clients. *People v. Dulaney*, 785 P.2d 1302, 1305 (Colo.1990); *see also People v. Wyman*, 782 P.2d 339, 342 (Colo. 1989); *People v. Greene*, 773 P.2d 528, 530 (Colo.1989).

The *ABA Standards* also suggest certain factors that aggravate or mitigate an attorney's misconduct and therefore increase or decrease the appropriate sanction. Several of the aggravating factors outlined in the *ABA Standards* are present. Fahrney has substantial experience in the practice of law, *see id.* at 9.22(i). He has a prior disciplinary record, *see id.* at 9.22(a) (*People v. Fahrney*, 782 P.2d 743 (Colo.1989): Fahrney was suspended for sixty days for neglecting legal matters entrusted to him, failing to seek lawful objectives of clients, failing to carry out contracts for professional services, and engaging in conduct prejudicial to the administration of justice), and is currently under a suspension order issued on January 5, 1990, pending the outcome of an unrelated matter still under investigation. Fahrney has engaged in a pattern of misconduct taking place over several years, and involving multiple offenses. *See id.* at 9.22(c) and -(d). He has practiced deceit to mislead his clients concerning the status of their cases. Finally, Fahrney has obstructed disciplinary proceedings by intentionally failing to respond to requests for investigation, *see id.* at 9.22(e), and has displayed an indifference to making restitution in failing to repay Davis's retainer after promising to do so, *see id.* at 9.22(j). The record discloses no mitigating factors.

### III.

After reviewing the findings of the hearing panel of the grievance committee and aggravating factors in this case, we conclude that disbarment is appropriate. It is hereby ordered that Dan B. Fahrney be disbarred, effective thirty days after the date of this order, and that his name be stricken from the roll of attorneys licensed to practice in this state. Fahrney is directed to comply with the requirements of C.R. C.P. 241.21, specifying certain action to be taken after entry of an order of disbarment. It is further ordered that Fahrney pay costs in the amount of $265.50, and pay the following amounts in restitution: $820 plus statutory interest to Michael T. Wood, $668 plus statutory interest to Eddie Don Davis, and $400 plus statutory interest to Gloria Sutton. Costs and restitution are to be paid within ninety days of the date of this order to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Denver, Colorado 80202.