The PEOPLE of the State of
Colorado, Complainant,

v.

George B. NICHOLS,
Attorney–Respondent.

No. 90SA232.

Supreme Court of Colorado,
En Banc.

Sept. 10, 1990.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

George B. Nichols, Westminster, pro se.

PER CURIAM.

In this disciplinary proceeding the respondent, George B. Nichols, did not appear in person or by counsel and did not answer the complaint of the Disciplinary Counsel. The Hearing Panel approved the Findings of Fact and Recommendation of the Hearing Board, and recommended that the respondent be suspended from the practice of law for a period of three years. One member of the Hearing Panel favored disbarment. The Hearing Board found that the respondent had abandoned his practice and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation; that he had acted without reasonable diligence and promptness in representing his clients; and that he had failed to communicate with his clients. We reject the Panel's recommendation because the respondent has engaged in a pattern of serious neglect, has abandoned his clients, and has not returned client fees to which he is not entitled. The respondent's conduct is sufficiently grave to warrant disbarment.

I.

The respondent was admitted to the bar of the Supreme Court of the State of Colorado on May 31, 1984, and is therefore subject to the jurisdiction of this court and its Grievance Committee. The matter out of which this disciplinary action originated involved the respondent's abandonment of his practice and his continued neglect of matters entrusted to him by his clients.

A hearing was held on the five-count complaint filed ·against the respondent by the Disciplinary Counsel. The respondent was not present at the hearing nor was he represented by counsel. The Hearing Board found that the respondent failed to appear and answer the complaint, and that the following facts had been established by clear and convincing evidence.[1]

*Count One*

The respondent represented Clifford E. Richardson in a criminal case in which Richardson was charged with possession of marijuana with intent to distribute and sell, a class 4 felony. *See* § 18–18–106(7)(a), 8B C.R.S. (1986). In September of 1985, Rich-

---

1. The Disciplinary Counsel's complaint against the respondent was deemed admitted due to the respondent's failure to appear and answer. The Board was not required to consider additional evidence in order to establish any violations of the disciplinary rules. *People v. Richards,* 748 P.2d 341, 345–46 (Colo.1987).

ardson was found guilty and sentenced to the Department of Corrections for four years. The respondent filed an appeal for Richardson in October of 1985. In August of 1987, the court of appeals affirmed Richardson's conviction, whereupon Richardson was committed to the Department of Corrections to serve his sentence. In September of 1987, Richardson asked the respondent to file a motion for reconsideration of his sentence within the period of time allowed for such motions, which is 120 days after the court's receipt of a remittitur upon affirmance of the judgment or sentence. Crim.P. 35(b), 7B C.R.S. (1984). The respondent agreed to file the motion. When Richardson contacted the respondent in November 1987, the respondent advised him that he had filed the motion. Thereafter Richardson wrote the respondent eight times to inquire about the status of the motion. The respondent did not answer any of Richardson's inquiries. In March of 1988, Richardson inquired of the court and discovered that no motion for reconsideration of sentence had been filed on his behalf. In April of 1988, Richardson filed a pro se motion for appointment of counsel and enlargement of time in which to file a motion for reconsideration of sentence. The trial court denied both motions.

The Board found, by clear and convincing evidence, that the respondent had violated C.R.C.P. 241.6,[2] DR 1–102(A)(1),[3] DR 1–102(A)(4),[4] DR 6–101(A)(3),[5] DR 7–101(A)(1),[6] and DR 7–101(A)(3).[7]

### Count Two

The respondent was retained by John Taylor to initiate a bankruptcy proceeding on Taylor's behalf. Taylor paid $200 to the respondent as a retainer. The respondent advised Taylor that he would call him when the necessary paperwork was ready for his

**2.**

**Rule 241.6 Grounds for Discipline**

Misconduct by a lawyer, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:

(1) Any act or omission which violates the provisions of the Code of Professional Responsibility;

(2) Any act or omission which violates accepted rules or standards of legal ethics;

(3) Any act or omission which violates the highest standards of honesty, justice, or morality;

(4) Any act or omission which constitutes gross negligence, if committed by a lawyer in his capacity as a lawyer;

(5) Any act or omission which violates the criminal laws of this state or any other state, or of the United States; provided that conviction thereof in a criminal proceeding shall not be a prerequisite to the institution of disciplinary proceedings, and provided further that acquittal in a criminal proceeding shall not necessarily bar disciplinary action;

(6) Any act or omission which violates these Rules or which violates an order of discipline or disability;

(7) Failure to respond to a request by the Committee without good cause shown or obstruction of the Committee or any part thereof in the performance of its duties. Good cause includes, but is not limited to, an assertion that a response would violate the respondent's constitutional privilege against self-incrimination.

This enumeration of acts and omissions constituting grounds for discipline is not exclusive, and other acts or omissions amounting to unprofessional conduct may constitute grounds for discipline.

7A C.R.S. (1989 Supp.).

**3.** DR 1–102(A)(1) provides that a lawyer shall not violate a Disciplinary Rule.

**4.** DR 1–102(A)(4) provides that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

**5.** DR 6–101(A)(3) provides that a lawyer shall not neglect a legal matter entrusted to him.

**6.** DR 7–101(A)(1) provides that a lawyer shall not intentionally:

(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7–101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.

**7.** DR 7–101(A)(3) provides that a lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship, except as required under DR 7–102(B).

signature. The respondent then moved his practice to Denver. The respondent subsequently met with Taylor to discuss a payment plan for Taylor's various creditors. The respondent then moved again, and Taylor became unable to locate him. As a result Taylor was required to retain other counsel to represent him in the bankruptcy proceeding. The respondent did not return any portion of Taylor's retainer, even though the respondent did not perform any services for Taylor.

The Board found that the respondent's conduct violated C.R.C.P. 241.6, DR 1-102(A)(1), DR 1-102(A)(4), DR 6-101(A)(3), DR 7-101(A)(1), and DR 7-101(A)(3).

### Count Three

Charles and Gail Metcalf paid the respondent a $250 retainer to bring a legal action on their behalf against Larimer County and the Larimer County Department of Social Services. The respondent filed a statutory notice of claim against Larimer County and the Larimer County Department of Social Services but did nothing further, even though the Metcalfs attempted to contact him to learn what action he was taking on their behalf. During one of the Metcalfs' attempts to contact the respondent, the Metcalfs discovered that the respondent had moved without leaving information about where he could be contacted. Some time later the Metcalfs reached the respondent and requested that he return their file to them. The respondent said he would send the file to his brother's law office, but he never did so. The respondent did not file suit on behalf of the Metcalfs, failed to communicate with them, and failed to return any portion of their retainer, even though he was not entitled to keep it. The Board found that the foregoing conduct violated C.R.C.P. 241.6, DR 1-102(A)(1), DR 1-102(A)(4), DR 6-101(A)(3), DR 7-

101(A)(1), DR 7-101(A)(3), and DR 9-102(B).[8]

### Count Four

John Sander retained the respondent to file suit on his behalf to collect a debt. The respondent agreed to represent Sander and asked for a $200 retainer plus a contingent fee of an undisclosed percentage of any amount collected. The respondent filed a complaint in the Larimer County Court in October of 1987, and sent a letter to Sander indicating that a return date had been set and that it would not be necessary for Sander to appear. The defendant filed an answer, the court scheduled a pretrial conference, and the matter was set for trial on July 28, 1988. Thereafter the respondent moved his practice and failed to notify Sander of his new address or phone number. Two days before trial, Sander reached the respondent by telephone. The respondent told Sander that he would be unable to appear at the trial, that he would seek a continuance, and that Sander did not need to appear. The respondent did not file a motion for a continuance and did not appear at the trial. The court dismissed Sander's complaint with prejudice and assessed costs against him. The respondent did not communicate with Sander, failed to perform legal services on Sander's behalf, and failed to return any portion of Sander's retainer. The Board found that the respondent's conduct violated C.R.C.P. 241.6, DR 1-102(A)(1), DR 1-102(A)(4), DR 6-101(A)(3), DR 7-101(A)(1), DR 7-101(A)(3), and DR 9-102(B).

### Count Five

The respondent, without good cause, failed to respond to the Grievance Committee's request for investigation of the four counts, in violation of C.R.C.P. 241.6(7).

---

8. DR 9-102(B) provides that a lawyer shall:
    (1) Promptly notify a client of the receipt of his funds, securities, or other properties.
    (2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.
    (3) Maintain complete records of all funds, securities, and other properties of a client

coming into the possession of the lawyer and render appropriate accounts to his client regarding them.
    (4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

## II.

The Hearing Board found by clear and convincing evidence that the respondent abandoned his law practice without taking steps to protect his clients' interests. The Board further found that the respondent violated DR 1–102(A)(1) (violation of a Disciplinary Rule), DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 6–101(A)(3) (neglecting a matter entrusted to an attorney), DR 7–101(A)(1) (failing to seek a client's lawful objectives through reasonably available means permitted by law), DR 7–101(A)(3) (prejudicing or damaging a client during the course of the professional relationship), C.R.C.P. 241.6, and C.R.C.P. 241.6(7) (failing to respond to the requests by the Grievance Committee).

The Hearing Board concluded that discipline was appropriate under C.R.C.P. 241.6. The Board recognized that the respondent's conduct might well warrant disbarment, but refused to make such a recommendation. The Hearing Board concluded that disbarment was not the appropriate sanction because the evidence was inconclusive as to whether the respondent's action caused serious or potentially serious injury to his clients. The Board further took into consideration the fact that the respondent had not been previously disciplined, that he was inexperienced in the practice of law, and that the harm he caused was relatively minor.

## III.

The Disciplinary Counsel argues that disbarment is the appropriate sanction in this case because the respondent abandoned his practice, knowingly failed to perform services for his clients, and engaged in a pattern of neglect, all of which caused potentially serious injury to his clients. We agree.

Section 4.41 of the ABA *Standards for Imposing Lawyer Sanctions* (1986) recommends disbarment when a lawyer causes serious or potentially serious injury to a client by (a) abandoning his practice, or (b) knowingly failing to perform services for a client; or (c) engaging in a pattern of neglect with respect to a client matter.

The evidence in this case clearly establishes that the respondent has abandoned his practice and that his present whereabouts are unknown. The evidence establishes that over a period of three years, beginning with the date he was admitted to practice, the respondent has engaged in a pattern of neglect with respect to his clients' matters. The respondent accepted retainers for legal services and then knowingly failed to perform those services. He moved his office and failed to advise his clients of his new address. The respondent's actions demonstrate that he maintains an extreme indifference to the welfare of his clients and the status of their cases. *People v. Wyman,* 782 P.2d 339 (Colo.1989) (attorney engaged in pattern of serious neglect of client matters for three-year period); *People v. Reeves,* 766 P.2d 1192 (Colo.1988) (attorney abandoned practice without notifying clients, returning files or refunding unearned fees); *People v. Lyons,* 762 P.2d 143 (Colo.1988) (abandonment of one client's dissolution of marriage petition for two years caused serious or potentially serious injury to client). We conclude that the respondent's abandonment and knowing neglect of his practice, and his conduct with respect to client matters, caused serious or potentially serious injury to his clients.

In light of the respondent's continuing course of conduct, which began shortly after his admission to the bar, the Hearing Board's finding of mitigation was erroneous. The respondent's inexperience in the practice of law did not contribute in any meaningful way to his present difficulties. The Disciplinary Counsel's complaint was based on the respondent's failure to perform the most basic legal tasks, not on the respondent's inability to comprehend the legal issues surrounding those tasks. *See People v. Reeves,* 766 P.2d at 1196.

The aggravating factors present in this case include the respondent's pattern of misconduct, his multiple offenses, his failure to appear, and his failure to cooperate in these proceedings. *See* ABA *Standards*

*for Imposing Lawyer Sanctions* § 9.22(c) & (d) (1986). We conclude, based on the respondent's abandonment of his practice, the resulting serious or potentially serious injury to his clients, and the presence of these aggravating factors, that disbarment is the appropriate sanction in this case.

It is hereby ordered that the respondent George B. Nichols be disbarred and that his name be stricken from the role of lawyers authorized to practice before this court. The respondent's disbarment shall become effective 30 days after the date of this order. C.R.C.P. 241.21(a), 7A C.R.S. (1989 Supp.). The respondent is ordered to pay the costs of this proceeding in the amount of $357.92 within 30 days of the date of this order to the Supreme Court Grievance Committee, 600—17th Street, Suite 500–S, Denver, Colorado, 80202–5435.