The PEOPLE of the State of
Colorado, Complainant,

v.

Denis John BLANCK,
Attorney-Respondent.

No. 85SA224.

Supreme Court of Colorado,
En Banc.

Nov. 4, 1985.

George S. Myer, Deputy Disciplinary Pros., Linda Donnelly, Disciplinary Pros., Denver, for complainant.

No Appearance for attorney-respondent.

LOHR, Justice.

In this grievance proceeding, the disciplinary prosecutor filed a formal complaint against the respondent, Denis John Blanck, charging him with two counts of professional misconduct involving misrepresentations to his clients, by use of altered judicial decrees, that their marriages had been dissolved. After a hearing, at which the respondent did not appear personally or by counsel,[1] the hearing board found that the charges had been proved by clear and convincing evidence and recommended that the respondent be suspended from the practice of law for a year and a day, that he pay to his clients the costs of obtaining valid dissolutions of their marriages, and that he pay the costs of these grievance proceedings.

A hearing panel of the grievance committee approved the findings and conclusions of the hearing board as well as the board's recommendations that the respondent pay the costs of dissolution of marriage proceedings for his clients and that he pay the costs of these grievance proceedings. The hearing panel, however, by a split vote[2] rejected the recommendation that the respondent be suspended from the practice of law and instead recommended disbarment. In arriving at that recommendation, the hearing panel noted that the respondent had been the subject of prior disciplinary

---

1. Counsel appeared for the respondent and filed an answer at an earlier stage of the proceedings but was permitted to withdraw upon motion before the hearing board received evidence in this case.

2. The members who would have approved the hearing board's recommended discipline voted for a three-year suspension "as there was some indication respondent was suffering from mental problems and should not be foreclosed from seeking reinstatement for eight years." The

record before us does not contain a transcript of the hearing before the board. The only basis for this conclusion to be found in the incomplete record before us, however, was a statement by the respondent's former counsel that the respondent was having marital difficulties and was treated for depression during the relevant time. That statement is recited in the board's Findings of Fact, Conclusions and Recommendations.

action, including a recent thirty-day suspension, and that his conduct in altering court documents was seriously prejudicial to the administration of justice. We agree with the recommendation of the hearing panel.

The respondent was admitted to the practice of law in Colorado on October 6, 1975, and is registered as an attorney upon the records of this court. He therefore is subject to the jurisdiction of this court and of the grievance committee with respect to his conduct as an attorney. The hearing board found that the following facts concerning such conduct were established by clear and convincing evidence.

### Caraveo Dissolution.

In 1981 the respondent undertook to represent Enrique Caraveo in a dissolution of marriage proceeding. Caraveo spoke but little English and was referred to the respondent by a representative of a naturalization and immigration service. The respondent did not meet with Caraveo at any time, but ultimately delivered to him what purported to be a court decree dissolving Caraveo's marriage and accepted from Caraveo $350 in legal fees. The decree purportedly was issued by the Denver District Court, and the names of Caraveo and his wife, Guadalupe Ventura, appeared as the parties. The Denver District Court, however, had no record of a dissolution of marriage proceeding involving these two parties. In case No. 79DR7092, the number appearing on Caraveo's purported decree, the court had issued a decree dissolving the marriage of two other persons, one of whom was represented by the respondent as reflected on the decree. Except for the names, the decree issued by the court and the copy delivered to Caraveo by the respondent were identical. The hearing board found that the respondent or his agent altered an authentic dissolution decree by changing the names and delivered it to Caraveo, thereby representing falsely to him that his marriage had been legally terminated.

### Sigala and Bailon Dissolution.

On December 6, 1973, an unidentified couple presented a copy of a dissolution of marriage decree to the clerk's office of the Denver District Court for certification. The surnames Sigala and Bailon and the case No. 80DR6595 appeared on the purported decree, and the respondent's name was shown as attorney of record. The clerk had no record of a dissolution proceeding involving these named parties but did have a decree under case No. 80DR6595 dissolving the marriage of two other persons. That decree was identical in all respects to the decree submitted for certification except for the names of the parties. The hearing board found that the respondent or his agent had falsified the decree that was submitted for certification.

In arriving at its factual findings in both the Caraveo and the Sigala and Bailon matters, the hearing board also considered evidence of a similar transaction involving Mr. Perales, who discovered in June of 1984 that his copy of a dissolution of marriage decree, which reflected the respondent's name as attorney of record, had been falsified and that, contrary to the information contained on the purported decree in Perales' possession, the Denver District Court had no record that his marriage had been dissolved.

Based upon the facts so established, the hearing board concluded in both the Caraveo and the Sigala and Bailon matters that the respondent violated DR1–102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation), DR1–102(A)(5) (conduct prejudicial to the administration of justice), and DR1–102(A)(6) (conduct adversely reflecting on fitness to practice law), and therefore grounds for discipline existed under C.R.C.P. 241.6(1) (violation of the Code of Professional Responsibility) and 241.6(3) (any act or omission that violates the highest standards of honesty, justice, or morality).

The respondent's conduct in the two instances of misrepresentation with which he was charged demonstrated a shocking disregard for his duties to his clients and his

responsibility to the courts. His actions were egregiously dishonest and fraudulent and demonstrate convincingly his unfitness to practice law. As the hearing board stated, "The Respondent was dealing with minorities of Hispanic descent who have difficulties with the English language. They and others like them represented by the respondent depended completely upon him and his integrity in order to provide legal assistance." The serious consequences that could accrue to his clients by relying upon the respondent's purportedly documented representations that valid dissolution of marriage decrees had been issued by the courts, and the respondent's callous disregard for those consequences, are self-evident. Indeed, Caraveo relied on the purported decree of dissolution and remarried.

The respondent received a thirty-day suspension in 1985 for ignoring the inquiries of a client and then seriously misrepresenting to the client the status of the case, and for failure to respond to an informal grievance complaint. *People v. Blanck*, 700 P.2d 560 (Colo.1985). The respondent also received three prior letters of admonition, in 1979, 1980 and 1982, each involving neglect of clients' affairs. *Id.* at 564. We agree with the hearing panel that the respondent's professional misconduct established in the present case merits the most severe sanction available to the court, that of disbarment. We also agree that the respondent should pay all reasonable costs incident to obtaining valid dissolution of marriage decrees for the clients involved in the incidents identified and that he should pay the costs of these disciplinary proceedings.

The respondent, Denis John Blanck, is disbarred and shall not be readmitted to the practice of law in the State of Colorado except upon compliance with the requirements of C.R.C.P. 241.22(a) and the additional requirements contained in this opinion. He is further directed to pay to Enrique Caraveo all court costs, reasonable attorney fees and incidental expenses that Caraveo has incurred or may hereafter incur in obtaining a dissolution of his marriage to Guadalupe Ventura provided that such dissolution of marriage proceedings are commenced on or before July 1, 1986. The respondent is further directed to pay to Perales all court costs, reasonable attorney fees and incidental expenses that he may have incurred or may hereafter incur in obtaining a dissolution of his marriage provided that such dissolution of marriage proceedings are commenced on or before July 1, 1986.[3] Should any other clients of the respondent be discovered who have been provided invalid dissolution of marriage decrees by the respondent, the respondent shall not be reinstated to the practice of law in Colorado unless and until he pays all court costs, reasonable attorney fees and incidental expenses that they have incurred or may hereafter incur in obtaining dissolutions of their marriages. In addition, the respondent is directed to pay the costs of these disciplinary proceedings in the amount of $487.13 to the Colorado Supreme Court Grievance Committee, Dominion Plaza Building, 600 17th Street, No. 520–S, Denver, Colorado 80202, within sixty days from the date of this opinion.

---

**3.** The hearing board made no similar recommendation with respect to the Sigala and Bailon matter, perhaps because those individuals were not more fully identified and did not appear before the hearing board.