**The PEOPLE of the State of Colorado, Complainant,**

v.

**David D. BELINA, Attorney–Respondent.**

**No. 89SA383.**

Supreme Court of Colorado, En Banc.

Nov. 13, 1989.

Linda Donnelly, Disciplinary Counsel, Susan L. Fralick, Asst. Disciplinary Counsel, Denver, for complainant.

Michael D. Gross, Colorado Springs, for attorney-respondent.

Justice LOHR delivered the Opinion of the Court.

This is an attorney discipline case in which a hearing panel of the Supreme Court Grievance Committee unanimously recommended that the respondent, David D. Belina, be disbarred and be assessed the costs of the proceeding. We accept the panel's recommendation and order that the respondent be disbarred.

## I.

David D. Belina was admitted to the bar of this court on September 27, 1972. He is therefore subject to the jurisdiction of this court and its grievance committee in these proceedings.

On September 8, 1989, Belina entered into a stipulation, agreement and conditional admission of misconduct with the assistant disciplinary counsel. In the stipulation, Belina admitted the following facts and agreed with the following conclusions.

On August 5, 1983, Michele Hoffpauir hired Belina to represent her in a marriage dissolution proceeding. Hoffpauir paid him $350.00. Belina filed the dissolution petition on August 8, 1983, but never served process upon the husband. During the next year Belina failed to respond to Hoffpauir's numerous inquiries regarding the status of her dissolution of marriage ac-

tion. In May 1984, Belina told Hoffpauir that he would be sending her interrogatories and finalizing the marriage dissolution, but did not send her anything. In August 1984, Greg Wawrytko went to Belina's office and picked up papers for Hoffpauir to sign. Hoffpauir promptly signed and returned the papers. She also informed Belina that she planned to marry Wawrytko on November 14, 1984.

On September 17, 1984, the court sent Belina a notice of dismissal for failure to prosecute Hoffpauir's case. Belina did not respond, and the case was dismissed on October 22, 1984. During October and November 1984, Belina told Hoffpauir that he had obtained the dissolution decree and that she could remarry. Hoffpauir and Wawrytko relied on that misrepresentation and were married on November 14, 1984.

After the Hoffpauir–Wawrytko marriage, Belina sent Hoffpauir a forged copy of the purported dissolution decree on two separate occasions. He forged different district court referees' signatures on the two copies and Hoffpauir noticed the discrepancy. She then contacted the court and discovered that there had been no dissolution decree and that the case had been dismissed. Hoffpauir confronted Belina with her discovery, and Belina misrepresented the status of the case to her again. Later, after being unable to contact Belina, Hoffpauir retained new counsel and the dissolution was finalized at an additional cost of $700.00.

Belina's conduct violated several disciplinary rules. He neglected a legal matter entrusted to him, DR 6–101(A)(3), intentionally failed to seek the lawful objectives of his client, DR 7–101(A)(1), intentionally failed to carry out a contract of employment for professional services, DR 7–101(A)(2), and intentionally prejudiced and damaged a client during the course of a professional relationship, DR 7–101(A)(3). Belina's conduct also involved dishonesty, fraud, deceit and misrepresentation, DR 1–102(A)(4). His preparation of false decrees was prejudicial to the administration of justice, DR 1–102(A)(5), and was conduct involving moral turpitude, DR 1–102(A)(3).

His conduct violated a disciplinary rule, DR 1–102(A)(1), and is grounds for discipline under C.R.C.P. 241.6(1)–(3) & (5).

## II.

Belina's conduct, standing alone, calls for disbarment. According to the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*) disbarment is generally the appropriate sanction when:

> a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client, 4.41(b);
>
> a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client, 4.41(c); or
>
> a lawyer engages in any ... intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice. 5.11(b).

The *ABA Standards* also recommend suspension when a lawyer "knowingly deceives a client, and causes injury or potential injury to the client." *Id.* 4.62. In the past, this court has disbarred an attorney for preparing and delivering fraudulent dissolution decrees. *People v. Blanck*, 713 P.2d 832 (Colo.1985).

The *ABA Standards* also suggest that certain factors aggravate or mitigate an attorney's misconduct and therefore increase or decrease the appropriate sanction. Several aggravating factors are present in this case. Belina's conduct constituted multiple offenses and a pattern of misconduct. *ABA Standards* 9.22(c) & (d).

Belina also has a prior disciplinary record. *See id.* 9.22(a). He received a letter of admonition in 1978 and a private censure in 1984. He was suspended from practicing law for one year and one day in 1988. *People v. Belina*, 765 P.2d 121 (Colo.1988). Belina has not presented mitigating factors to the hearing panel of the grievance committee or to this court. Furthermore, the stipulation, to which Belina is a party, recommends that Belina be disbarred.

## III.

We have reviewed the stipulated facts and recommendations in this case and conclude that disbarment is appropriate. It is hereby ordered that David D. Belina be disbarred, effective immediately, and that his name be stricken from the roll of attorneys licensed to practice in this state. Belina is directed to comply with the requirements of C.R.C.P. 241.21 specifying certain action to be taken after entry of an order of disbarment. It is further ordered that Belina pay $700 plus interest from January 1, 1986,[1] at the rate of 9% per annum to compensate Hoffpauir for additional attorney fees necessitated by Belina's misconduct, together with costs in the amount of $76.86 within thirty days of the date of this order to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Denver, Colorado, 80202.

---

**1.** From the materials before us, January 1, 1986, appears to be the approximate date Hoffpauir incurred these fees.