The PEOPLE of the State of
Colorado, Complainant,

v.

Stephen T. SUSMAN,
Attorney–Respondent.

No. 89SA282.

Supreme Court of Colorado,
En Banc.

March 5, 1990.

Linda Donnelly, Disciplinary Counsel, and Susan L. Fralick, Asst. Disciplinary Counsel, Denver, for complainant.

Stephen T. Susman, pro se.

PER CURIAM.

The respondent, Stephen T. Susman, is again the subject of a disciplinary proceeding.[1] The Hearing Board of the Supreme Court Grievance Committee made extensive findings of fact and recommended that the respondent be disbarred. The Hearing Panel unanimously approved the finding and recommendation that the sanction be disbarment and the imposition of the costs of these proceedings. We approve the findings and the recommendation, and order that the respondent be disbarred and assessed the costs of these proceedings. Since the respondent is presently suspended from the practice of law it is not necessary that he be granted time to wind up his legal affairs. Disbarment is therefore effective on the date that this opinion is announced. C.R.C.P. 241.21.

The respondent was first disciplined and suspended by this court for neglect of legal matters entrusted to him and for giving false testimony in the course of the Grievance Committee hearing. *People v. Susman*, 196 Colo. 458, 587 P.2d 782 (1978). After reinstatement as a member of the bar he again neglected legal matters entrusted to him, misled his clients, and was guilty of professional misconduct which required a further suspension. *People v. Susman*, 747 P.2d 667 (Colo.1987). During the time that disciplinary proceedings were being held which resulted in the respondent's latest suspension, the respondent committed the acts which are the subject of this proceeding. The respondent's continuing pattern of misconduct reflects not only the neglect of legal matters entrusted to him, but also continued misrepresentations to his clients on the status of litigation.

The current disciplinary complaint against the respondent contains allegations that are all but identical to those made in previous disciplinary proceedings against the respondent. In October 1984, Daniel and Susan Sills purchased an unfinished house and executed a note and deed of trust to secure an indebtedness against the property. When the Sills took possession, they discovered what they alleged to be serious defects in the property. The respondent was retained to bring suit to obtain rescission, damages, or other relief for the asserted defects on March 5, 1985. On

---

1. The respondent is a member of the bar of the Supreme Court of Colorado but is presently under suspension for professional misconduct. He is, therefore, subject to the jurisdiction of this court and the Grievance Committee.

March 11, 1985, the respondent sent a demand letter to the sellers on behalf of his clients and also notified the real estate agent involved in the transaction. The respondent was contacted by the sellers' lawyer on March 15, 1985, and thereafter had additional telephone conversations with the sellers' lawyer, his clients, and the real estate agent.

In May and June, 1985, the Sills defaulted on their payments on the note and foreclosure proceedings were instituted on the deed of trust. The Sills did not redeem the property and apart from communications with the sellers' lawyer relating to the default on the note and deed of trust, the respondent took no further action until June 1986. On June 12, 1986, the Sills, discouraged by the lack of progress, wrote the respondent and terminated his services. Thereafter, the respondent met with the Sills and it was agreed that he would continue to represent them and would promptly proceed with a lawsuit for damages. No suit was ever filed and the Sills were never notified of the respondent's failure to file suit.

During 1986 and 1987, the Sills communicated with the respondent on several occasions and were told that the matter was progressing satisfactorily and, according to the Sills, that the date for proceedings on their lawsuit had been changed. In late 1987, the Sills learned that no lawsuit had ever been filed on their behalf.

Respondent's conduct violates C.R.C.P. 241.6, and also the Code of Professional Responsibility, DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule) (ABA Model Rule 8.4(a)); DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) (ABA Model Rule 8.4(c)); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him) (ABA Model Rule 1.3); DR 7–101(A)(1) (failure to seek the lawful objectives of his client through reasonably available means); and DR 7–101(A)(2) (failure to carry out a contract of employment).

The respondent testified at the disciplinary hearing and admitted that he misled his clients and did not understand why he made misrepresentations, but that it was unintentional and that he was undergoing psychiatric treatment. He stated that 1985 was a difficult year because of the previous disciplinary proceeding and that the Sills had not suffered any significant harm from his behavior. It is significant that the disciplinary violations in this case occurred during the time that the respondent was being disciplined for similar conduct in another case and it is inconceivable that he was not aware of his misconduct.

The ABA Standards for Imposing Lawyer Sanctions (ABA Standards) provide guidance in determining the proper sanction in this case. Section 9.22 specifies aggravating factors and the following factors in section 9.22 are present in this case: (a) prior disciplinary offenses; (c) a pattern of misconduct; (d) multiple offenses; (i) substantial experience in the practice of law. Section 9.3 specifies factors to be considered in mitigation and the only mitigating factor in this case is that the respondent ultimately made a full and free disclosure to the Grievance Committee of his misconduct and exhibited a cooperative attitude toward the disciplinary process. ABA Standard 9.32(e). There is also some evidence of remorse. ABA Standard 9.32($l$).

Standard 4.41 supports disbarment when a lawyer engages in a pattern of neglect with respect to a client and causes serious or potential injury to the client. The Hearing Board, in recommending disbarment, concluded that the respondent's conduct, which was established by clear and convincing evidence, demonstrated (a) neglect of legal matters entrusted to him; (b) misrepresentation to the client and the Grievance Committee; and (c) that the pattern of neglect followed by the respondent had the potential of causing serious injury to his clients. Because of the multiple opportunities afforded to the respondent, including two suspensions and court ordered rehabilitation, the only available remedy to protect the interest of the public is disbarment.

Accordingly, it is ordered that the respondent, Stephen T. Susman, be disbarred, and that his name be stricken from the list of attorneys authorized to practice before the Colorado Supreme Court. He is also assessed the costs of these proceedings in the amount of $310.85 which shall be paid within sixty days from the date of this opinion. All payments are to be sent to the Supreme Court Grievance Committee, 600–17th Street, Suite 550–S, Denver, Colorado 80202–5434.

KIRSHBAUM, J., does not participate.