**The PEOPLE of the State of Colorado, Complainant,**

v.

**Mark Stephen GREGORY, Attorney–Respondent.**

**No. 89SA499.**

Supreme Court of Colorado, En Banc.

March 19, 1990.

Linda Donnelly, Disciplinary Counsel, and Susan L. Fralick, Asst. Disciplinary Counsel, Denver, for complainant.

Mark Stephen Gregory, Colorado Springs, pro se.

## PER CURIAM.

In this disciplinary proceeding, disciplinary counsel and the attorney-respondent, Mark Stephen Gregory (Gregory or respondent), entered into a Stipulation of Facts which formed the basis for the Complaint. The respondent further stipulated that his conduct violated all of the sections of the Code of Professional Responsibility alleged in the Complaint and the specified Rules of the Supreme Court concerning discipline. The Hearing Board accepted the Stipulation, heard testimony in mitigation offered by the respondent, and made its recommendation that the respondent be suspended for a year and a day and be assessed the costs of the disciplinary proceedings. A Hearing Panel of the Supreme Court Grievance Committee accepted the Findings of Fact and Recommendation of the Hearing Board, and recommended a suspension of a year and a day. We agree with the recommendation and order that the respondent be suspended from the practice of law for a year and a day, and also order that he pay the costs of these disciplinary proceedings.

The respondent was admitted to the bar of this court on October 9, 1979, and is registered as an attorney upon the official records of this court. He is subject to the jurisdiction of this court and its Grievance Committee in these proceedings.

## I.

In December of 1985, the respondent was retained by the U.S. National Bank of Oregon to foreclose on real property located in Colorado Springs, Colorado. On March 13, 1986, the bank representative requested an update on the status of the case, and respondent responded by letter of March 19, 1986, indicating that he would render a complete update no later than April 1, 1986. The next correspondence that the respondent had with the bank was on May 7, 1986, at which time he requested the original deed of trust and promissory note which was submitted to him by the bank on June 20, 1986. On January 26, 1987, a bank representative telephoned respondent regarding the status report, and the respondent said he was sending a copy of his final foreclosure order. On February 10, 1987, respondent sent what he described as a final foreclosure order. This document actually was a cover sheet of a foreclosure certificate obtained February 2, 1987, from the Commonwealth Land & Title Company.

In subsequent correspondence and communications with the bank between May 5, 1987, and January of 1988, the respondent misrepresented that the case was under advisement by the court and that the original proceedings had been instituted. In pertinent portion the respondent's correspondence contained misrepresentations that respondent was actively pursuing a foreclosure action when in fact the respondent never filed a foreclosure action on behalf of the bank with the court.

As a consequence of the respondent's failure to perform the legal services over a period of two years, the bank sustained substantial injury and damages based upon the payment of interest on the loan principal, the payment of delinquent real estate taxes, loss of value on the properties, loss of rental income, and attorney's fees billed by the respondent's law firm. The client in this particular action has filed a malpractice suit against the respondent and his former law firm to recover damages arising out of the respondent's handling of the foreclosure.

The respondent, as a result of this action, has admitted his conduct violates C.R.C.P. 241.6 of the Code of Professional Responsibility, DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation), DR 6–101(A)(2) (handling a matter without adequate preparation), DR 6–101(A)(3) (neglecting a legal matter entrusted to him), DR 6–101(A)(3) (failure to seek the lawful objectives of client), DR 7–101(A)(2) (failure to carry out a contract of employment), and DR 7–101(A)(3) (prejudice or damage to a client).

The Hearing Board found, based upon the stipulations and admissions of the parties, that the matters contained in the Stipulation of Facts had been established by clear and convincing evidence. The Hearing Board heard evidence from the respondent concerning mitigation and found his claimed justifications to be essentially nonexistent. The respondent's statements in mitigation, that he was unfamiliar with foreclosure laws and was not offered guidance, do not explain why respondent never sought guidance, or attempted to associate himself with an attorney who had appropriate experience and knowledge.

## II.

Subsections 4.42(a) and 4.62 of the American Bar Association's *Standards For Imposing Lawyer Sanctions* (1986) (hereinafter *ABA Standards*) apply in this case. Subsection 4.42(a) provides that suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to the client. Subsection 4.62 provides that suspension is generally appropriate when a lawyer knowingly deceives a client and causes injury or potential injury to that client. Considering aggravating and mitigating factors under section 9.0 of the *ABA Standards*, the Board found that the aggravating factor present in this case was a pattern of misconduct and multiple offenses. The Board did find mitigating

factors: absence of prior disciplinary record, absence of dishonest or selfish motive, and full and free disclosure to the Disciplinary Board. The Board expressed the concern that such conduct may be repeated since the respondent has not sought professional assistance and is not able to explain his behavior in this case.

Given the consideration of the Findings of the Board as to aggravation and mitigation which are apparent from the record, and the Board's concerns as to future conduct by the respondent, we conclude that suspension of the respondent for a year and a day and assessment of the costs of the disciplinary proceedings is warranted. We order that the respondent Mark Stephen Gregory be suspended from the practice of law for a period of a year and a day, effective thirty days after the date of publication of this opinion.[1] We further order that the respondent pay the costs of these proceedings in the amount of $187.16 to the Supreme Court Grievance Committee, 600 —17th Street, Suite 500–S, Denver, Colorado 80202, within thirty days of the date of the announcement of this opinion.

---

1. C.R.C.P. 241.21(a) provides in part:
   (a) **Effective Date of Order—Winding Up Affairs.** Orders imposing disbarment or suspension shall become effective thirty days after the date of entry of the order, or at such other time as the Supreme Court may order.