**The PEOPLE of the State of Colorado, Complainant,**

v.

**Mark Stephen GREGORY, Attorney–Respondent.**

**Nos. 90SA125, 90SA227.**

Supreme Court of Colorado, En Banc.

Sept. 10, 1990.

Susan L. Fralick, Asst. Disciplinary Counsel, Denver, for complainant.

Mark Stephen Gregory, Colorado Springs, pro se.

PER CURIAM.

We consolidated two attorney discipline cases against the respondent, Mark Stephen Gregory. Gregory has agreed to the consolidation of the cases and to the recommendation that he be disbarred. We accept the recommendation and order his disbarment.

## I.

The respondent was admitted to the Bar of this state in 1979 and is subject to the disciplinary jurisdiction of this court and its Grievance Committee. On March 19, 1990, we suspended Gregory from the practice of law for a period of one year and one day. *People v. Gregory,* 788 P.2d 823 (Colo. 1990). In that case, Gregory failed to file a foreclosure action on behalf of a client, causing financial harm to the client. Gregory deceived his client and forged a foreclosure order as part of that deception. The two consolidated cases now before us involve the respondent's professional misconduct with respect to seven different matters.

## A.

### Case No. 90SA227

The respondent defaulted in this case and the Grievance Committee found the following facts to be proven by clear and convincing evidence.

■ Berl E. Collins retained Gregory to represent him in business and personal bankruptcies. Collins made substantial payments to Gregory for fees and Gregory filed a Chapter 11 bankruptcy for Collins' business in June 1988 and a Chapter 13 bankruptcy for Collins personally in September 1988. Both filings were defective and lacked necessary documentation. Despite repeated requests from the Bankruptcy Trustee, Gregory failed properly to complete the filings and both bankruptcies were dismissed in 1989. Gregory failed to communicate with Collins regarding the dismissals and moved out of his office without notifying Collins. Collins eventually retained another attorney to represent him in the bankruptcies. The respondent failed to respond to the Grievance Committee's request to investigate this matter.

The respondent's conduct is grounds for discipline under C.R.C.P. 241.6 and the Code of Professional Responsibility, DR 1–102(A)(1) (violation of a disciplinary rule). He violated DR 7–101(A)(2) (failure to carry out a contract for professional services) and C.R.C.P. 241.6(7) (failure to respond to Grievance Committee request for investigation). The Grievance Committee has recommended that Gregory be required to make restitution to Collins in the amount of $3,441, plus statutory interest from May 1989.

### B.

### Case No. 90SA125

This case is before us on a Stipulation, Agreement and Conditional Admission of Misconduct involving six complaints.

### 1.

■ In June 1985, Gregory agreed to represent Kim Thi Willet and her husband Jim Willet in a personal injury case stem-

ming from injuries suffered by Kim Thi Willet when she slipped and fell on ice at a restaurant in December 1983. Over the course of approximately four years, Gregory neglected the Willets' case. His failure to provide the insurance carrier with medical bills caused the Willets to be pursued by a collection agency and to receive a poor credit rating. Gregory did not respond to his clients' many requests for information and falsely advised them, when he was finally contacted, that he would pursue the case. Finally, in May 1989, the Willets hired a new attorney who filed suit and was engaged in settlement negotiations at the time of the stipulation.

Gregory's conduct in the Willet matter is grounds for discipline under C.R.C.P. 241.6 and DR 1–102(A)(1) (violation of a disciplinary rule). He violated DR 6–101(A)(3) (neglect of a legal matter), DR 7–101(A)(1) (failure to seek client's lawful objectives), and DR 7–101(A)(2) (failure to carry out a contract for professional services).

## 2.

■ In February 1981, the respondent was retained to represent the McClellan family with respect to injuries they suffered from carbon monoxide poisoning in a rental unit. About three years after he began representing the McClellans, the respondent filed a suit on their behalf. However, he failed to conduct any discovery or to investigate the McClellans' claims and he neglected the case so that it was dismissed for lack of prosecution. Throughout the nine years that he represented the McClellans, Gregory had sporadic contact with them and deliberately misled them to believe that their case was progressing and that a recovery would be forthcoming. In particular, he lied to his clients by telling them that the defendants were in bankruptcy and an appeal had been filed in federal district court. He wrote to his clients giving a detailed, but wholly fabricated, schedule of briefings. The McClellans were unable to reach the respondent after January 1988. The stipulation states that the statute of limitations on the McClellans' claims has expired.

Gregory's actions in the McClellan matter violated C.R.C.P. 241.6, DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 6–101(A)(3) (neglect of a legal matter), DR 7–101(A)(1) (failure to seek client's lawful objectives), and DR 7–101(A)(2) (failure to carry out a contract for professional services).

## 3.

■ The respondent was retained by Rene and Dennis Shepard in August 1988 to file a Chapter 7 bankruptcy. Although the Shepards paid Gregory $500 as a retainer and Gregory assured them that the bankruptcy would be filed, he did not file the bankruptcy and did not return their retainer fee. The Shepards subsequently hired a new attorney in May 1989.

Gregory's conduct in the Shepard matter violated C.R.C.P. 241.6, DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation), DR 2–110(A)(3) (failure to refund promptly any advance fee that has not been earned), DR 6–101(A)(3) (neglect of a legal matter), DR 7–101(A)(1) (failure to seek client's lawful objectives), DR 7–101(A)(2) (failure to carry out contract for professional services), and DR 9–102(B)(4) (failure to pay over promptly client funds).

## 4.

■ Gregory was hired by John and Colleen Luedecke in March 1988 to file a Chapter 7 bankruptcy and was paid $540. Gregory did not respond to the Luedeckes' request for information about the case and finally, in December 1989, he admitted that the bankruptcy had not been filed. He has not refunded the $540 retainer fee.

The respondent's conduct violated C.R.C.P. 241.6, DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation), DR 2–110(A)(3) (failure to refund promptly any advance fee that has not been earned), DR 6–101(A)(3) (neglect of a legal matter), DR 7–101(A)(1) (failure

to seek client's lawful objectives), DR 7–101(A)(2) (failure to carry out contract for professional services), and DR 9–102(B)(4) (prompt payment of client funds).

### 5.

■ In 1984 Gregory was court-appointed counsel for Robert Swanson in a Crim.P. 35(c) proceeding. There is no contention that Gregory committed any acts of professional misconduct in his representation of Swanson through the lengthy proceedings at the trial level and Gregory attained at least partial success for the client. However, after filing a timely notice of appeal in January 1989, the respondent failed to pursue the appeal and did not respond to his client for approximately seven months. Eventually, Gregory obtained permission from the district court to withdraw as counsel for Swanson and the Public Defender was appointed to represent Swanson on appeal. According to the stipulation, Gregory's failure to pursue Swanson's appeal in a timely manner may have caused Swanson to remain in prison longer than necessary.

Gregory's conduct with respect to the Swanson appeal is grounds for discipline under C.R.C.P. 241.6 and violated DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), and DR 6–101(A)(3) (neglect of a legal matter).

### 6.

■ Gregory was retained to defend Michael Carroll, Gilbert Hill and Lawrence Zeidler in a civil action in 1985. Gregory neglected the case and failed to respond to discovery orders. His neglect resulted in the assessment of $250 in attorney fees against his clients which Gregory paid without informing his clients. His continued neglect also resulted in the entry of an April 1989 judgment of liability against his clients. Gregory did not inform his clients of the liability judgment. When the trial on the damages was held, Gregory misrepresented to the clients that the trial date had been postponed. He then appeared without his clients and represented them without their knowledge. At the conclusion of the damages trial, the court entered judgment against his clients for $110,491.83, including $20,000 in punitive damages, $13,756.75 in attorney fees, and $22,554.42 in prejudgment interest. Gregory approved as to form the findings of fact, conclusions of law and order and failed to inform his clients of the damages judgment.

Gregory's actions are grounds for discipline under C.R.C.P. 241.6 and violated DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation), DR 6–101(A)(3) (neglect of a legal matter), DR 7–101(A)(2) (failure to carry out contract for professional services), and DR 7–101(A)(3) (causing prejudice or damage to client).

### II.

■ There is no question that Gregory's misconduct merits disbarment. He has engaged in a pattern of neglect, abandonment and deceit of his clients which has caused serious injury or potentially serious injury to them. He has a prior disciplinary history and, as noted above, he currently is suspended from the practice of law. Disbarment is the most severe disciplinary sanction and its application to Gregory is consistent with the sanction that we have imposed in other similar cases. *See, e.g., People v. Fahrney,* 791 P.2d 1116 (Colo. 1990); *People v. Susman,* 787 P.2d 1119 (Colo.1990). Disbarment will protect the public from further practice by Gregory and help repair the serious damage he has done to the legal profession by his unethical conduct. *See ABA Standards for Imposing Lawyer Sanctions* Standard 2.2 at p. 20 (Commentary 1986). *See also* Standard 4.41 (disbarment generally appropriate when lawyer abandons practice or engages in a pattern of neglect and causes serious or potentially serious injury to a client); Standard 4.61 (disbarment generally appropriate when lawyer deceives client and causes serious injury or potentially serious injury to client). Thus, we accept the respondent's consent to disbarment.

We also accept the respondent's agreement to pay restitution in the amount of $500 to the Shepards and $540 to the Luedeckes. Finally, we approve the Grievance Committee's recommendation that Gregory be ordered to pay restitution in the amount of $3,441 plus statutory interest from May 1989 to Berl E. Collins. The awards of restitution to the Shepards and the Luedeckes will bear statutory interest from the date of this order. *See* § 5–12–106(2), 2 C.R.S. (1989 Supp.).

Accordingly, it is ordered that Mark Stephen Gregory be disbarred and that his name be stricken from the roll of attorneys licensed to practice in this state, effective on the date of this order. The respondent is directed to make restitution in the amounts specified above and he is further directed to pay the costs of the first proceeding in the amount of $342.22 to the Supreme Court Grievance Committee, 600 17th Street, Suite # 500S, Denver, Colorado 80202–5435, within thirty days of the date of this opinion. No costs were incurred in the second proceeding.