The **PEOPLE** of the State of Colorado, Complainant,

v.

David E. **MADRID**, Attorney-Respondent.

No. 84SA541.

Supreme Court of Colorado, En Banc.

June 3, 1985.

---

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Respondent not appearing.

KIRSHBAUM, Justice.

On May 7, 1984, a formal complaint was filed with the Supreme Court Grievance Committee charging respondent, David E. Madrid, with professional misconduct. Copies of the complaint were sent by certified mail and by regular mail to respondent at the address he had provided to the Supreme Court of Colorado as his mailing address. This correspondence was returned to the disciplinary prosecutor with indications that respondent had moved and left no address. In these circumstances, respondent is deemed to have been properly served with the complaint, pursuant to C.R.C.P. 241.25(b).

On June 13, 1984, a hearing board entered an order of default, pursuant to C.R. C.P. 241.13(b). On October 22, 1984, a final hearing was held with respect to this complaint. Although notice was sent to respondent's last known address, respondent failed to attend such hearing. After reviewing the pleadings, the investigator's report and certain exhibits, the hearing board concluded that respondent had engaged in professional misconduct, recommended that respondent be suspended from the practice of law for a period of one year and one day, and recommended that respondent be assessed the costs of these proceedings. On December 7, 1984, a hearing panel adopted the findings, conclusions and recommendations of the hearing board.

On December 27, 1984, the Acting Clerk of the Colorado Supreme Court mailed a copy of a citation and a copy of the hearing panel's findings, conclusions and recommendations to respondent at his last known address; the materials were returned with a notation indicating that respondent had moved and had left no forwarding instructions. This court subsequently entered an order permitting service by publication of a citation directing respondent to file exceptions to the hearing panel's report, which citation was published in an appropriate local newspaper. No response to the citation has been filed.

Respondent was admitted to the bar in 1980 and is subject to the jurisdiction of this court. In 1984, respondent was suspended by the clerk of this court for failure to comply with mandatory continuing legal education requirements and for failure to register with the court. A letter of admonition was also issued to respondent in 1984 as a result of a separate complaint alleging failure to perform certain professional responsibilities.

The following facts found by the hearing board and adopted by the hearing panel are supported by the record. On February 24, 1983, respondent appeared in Denver County Court in the case of *People v. Daniel W. Pino*, Case No. 83–212589, and entered an appearance as attorney for Daniel W. Pino. Pino entered a not guilty plea and the matter was set for trial for April 26, 1983. On the morning of April 26, 1983, respondent notified the court that he was ill; consequently, the trial was reset to a later date.

On May 31, 1983, Pino appeared before the judge to whom the case had been assigned, accompanied by another attorney, and filed a motion to dismiss respondent as attorney in the case. The motion indicated that respondent had taken no steps to contact witnesses, to file motions or to issue any subpoenas in preparation for trial. The motion also asserted that Pino had

been unable to contact respondent by telephone and that although Pino was told he would be contacted by respondent, respondent did not contact Pino. Pino's new attorney advised the court that she had been unable to contact or locate respondent and that messages she had left for respondent on an answering device were never returned. The trial court granted Pino's motion and issued a contempt citation against respondent. On the date set for the return of the contempt citation, the assistant district attorney advised the trial court that court officials had been unable to locate or serve respondent with the contempt citation.

Respondent's conduct violated DR1–102(A)(1) (violation of a disciplinary rule), DR1–102(A)(5) (conduct prejudicial to the administration of justice), DR6–101(A)(3) (neglect of a legal matter) and DR7–101(A)(2) (failure to carry out contract of employment) of the Code of Professional Responsibility. Consequently, respondent violated C.R.C.P. 241.6(1), which prohibits violations of the Code of Professional Responsibility. In addition, respondent's failure to file supplemental statements of changes of address violated C.R.C.P. 227(2)(b), which requires timely filing of a supplemental statement of change in information previously submitted to this court, and C.R.C.P. 241.6(7) (failure to respond to a request by the Grievance Committee without good cause shown).

Respondent's neglect of his professional responsibilities in representing Pino and his failure to provide required information to this court concerning his current address, especially in view of the fact that respondent has previously been the subject of disciplinary action by this court, constitute sufficient grounds to warrant acceptance of the hearing panel's recommendations. Accordingly, respondent David E. Madrid is ordered suspended from the practice of law in Colorado for a period of one year and one day from this date. We also order that as a condition of any reinstatement to the practice of law in this state respondent shall pay the costs incurred in this disciplinary proceeding, in the amount of $103.87,

and shall comply with all of the applicable requirements of C.R.C.P. 241.22(b).