**The PEOPLE of the State of Colorado, Complainant,**

v.

**Philip H. BANNISTER, Attorney–Respondent.**

**No. 91SA61.**

Supreme Court of Colorado, En Banc.

June 3, 1991.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

No appearance for respondent.

PER CURIAM.

In this disciplinary proceeding, a hearing board of the Supreme Court Grievance Committee found that the respondent, Philip H. Bannister, had engaged in professional misconduct. Specifically, the hearing board found that the respondent had filed false pleadings and disciplinary complaints, disclosed information concerning the filing of the disciplinary complaints, offered to withdraw a disciplinary complaint filed against a judge in exchange for a favorable ruling, failed to serve copies of pleadings on opposing counsel, and revealed client confidences and material considered derogatory and harmful to the client. In addition, the hearing board found several aggravating factors, including repeated failure to cooperate with the investigation of misconduct, disruption of disciplinary proceedings, and a record of prior discipline. The hearing board recommended that the respondent be suspended from the practice of law for three years and that he be assessed the costs of the disciplinary proceedings. A hearing panel of the grievance committee unanimously approved and adopted the findings of the hearing board

and the recommendation of assessment of costs, but recommended disbarment "after concluding that a three-year suspension was unduly lenient in view of respondent's reprehensible behavior before and during the hearing." We now adopt the findings and recommendations of the hearing board as modified by the hearing panel and order that the respondent be disbarred. In addition, we direct that the respondent pay the costs of the disciplinary proceedings.

I.

The respondent was admitted to the practice of law in Colorado on May 11, 1982, and is subject to the disciplinary jurisdiction of this court in all matters relating to the practice of law. C.R.C.P. 241.1(b). The complaint filed with the grievance committee alleged facts involving multiple types of misconduct. A hearing was held before a hearing board of the grievance committee.

The complaint set forth numerous instances of alleged misconduct in connection with the respondent's representation of Mr. Gonzales in a dissolution of marriage proceeding. The hearing board found that a number of these allegations of professional misconduct were established by clear and convincing evidence.[1] The findings described the following series of events.

Mr. Gonzales signed a waiver of service form prior to retaining the respondent. After undertaking to represent Mr. Gonzales, the respondent filed a motion for a contempt citation in which the hearing board found that the respondent falsely stated that a named judge had determined the signature of Mr. Gonzales on the waiver of service form to have been fraudulently obtained. Subsequently, the respondent filed a motion to dismiss the dissolution of marriage proceeding, again alleging that the signature on the waiver of service was fraudulent. A different judge found the signature to be genuine and denied the motion. The respondent then filed a request for an investigation with the griev-

1. The hearing board found two sets of allegations were not established by clear and convincing evidence and therefore did not utilize them

in arriving at its conclusions or recommended discipline. We do not outline those allegations in this opinion.

ance committee alleging that the opposing counsel was attempting a "fraud upon the courts" with respect to Gonzales' signature. Next, the respondent filed a pleading in which he revealed the confidential information that a grievance had been filed against the opposing counsel for willfully concealing a fraud on the court.

The respondent continued his attempts to attack the validity of the signature by filing a motion for recusal of the judge who had declared the signature genuine. As support for the motion, the respondent stated that he had filed a complaint against the judge with the Commission on Judicial Discipline. The hearing board found that the allegations of inappropriate judicial behavior included in the motion by the respondent were false. The respondent also moved to have documents in the dissolution file that were related to the allegedly false signature turned over to the Colorado Bureau of Investigation (CBI). The respondent offered to withdraw both the recusal motion and the grievance against the judge if the judge would grant the motion to turn over documents to the CBI.

In addition, the hearing board found that the respondent did not provide opposing counsel with copies of several documents filed with the court in the dissolution of marriage proceeding, including the motion to turn portions of the file over to CBI. When opposing counsel learned of and demanded a copy of the latter motion, the respondent complied and included the following note with the copy:

> If you oppose this motion I will have the police charge you with obstruction of justice and I already know the police will charge you with that because they have already talked to the district attorney and he is ready to charge the judge with obstruction of justice.

Finally, the respondent filed a motion to withdraw. The hearing board found that the motion contained statements about the respondent's client that were derogatory and harmful, including a statement that

Gonzales had "deliberately falsified information."

Based on these findings, the hearing board concluded that the respondent's behavior constituted grounds for discipline. *See* C.R.C.P. 241.6; DR 1–102(A)(1). Specifically, the hearing board concluded that the respondent's conduct violated the following rules of civil procedure, Colorado Rules of Judicial Discipline, and disciplinary rules of the Code of Professional Responsibility: C.R.C.P. 241.24 (disclosure of confidential information concerning a complaint filed with the grievance committee); Colorado Rules of Judicial Discipline, Rule 6(a) (disclosure of confidential information concerning a complaint filed against a judge); DR 1–102(A)(4) (engaging in conduct involving misrepresentation); DR 7–105 (threat to present criminal charges to obtain an advantage in a civil matter); DR 7–110(B) (written communication with a judge without notice to opposing counsel); DR 8–102(B) (false accusations against a judge); DR 4–101(B)(1) and (2) (revealing a client confidence and using a secret of the client to the disadvantage of the client).[2]

The hearing board also found numerous aggravating factors under the American Bar Association; *Standards for Imposing Lawyer Sanctions* (ABA Standards). First, the respondent has a record of prior disciplinary offenses. *See ABA Standards* § 9.22(a). On May 14, 1985, he received a letter of admonition for failure to respond to a request for investigation by the grievance committee. On May 7, 1987, the respondent was privately censured for misrepresentation and failure to cooperate with the grievance committee in its investigation of the incident, and for improper conduct in interviewing a witness.

Second, the hearing board found as an aggravating factor that the respondent obstructed the disciplinary proceedings in bad faith. *ABA Standards* § 9.22(e). The respondent failed to respond to allegations of misconduct and to grievance committee orders. In opening remarks before the hearing board, the respondent used profanity

---

2. One member of the board dissented to the conclusion that the respondent violated DR 4–101(B)(1) and (2) on the basis that there was no evidence indicating that statements about Gonzales in the respondent's motion to withdraw were confidences or secrets.

and directed threats at the members of the board. The board requested security. When security arrived, an altercation occurred that led to the arrest of the respondent.

Finally, the hearing board found as aggravating factors that the respondent had engaged in multiple offenses, *ABA Standards* § 9.22(d), and that his conduct amounted to a pattern of misconduct, § 9.22(c), that illustrates a "lack of respect for the truth and refusal to cooperate in the grievance process." The respondent persisted in this misconduct despite substantial experience in the practice of law, § 9.22(i), and refused to acknowledge the wrongful nature of his conduct, § 9.22(g).

The hearing board found no mitigating factors and recommended that the respondent be suspended from the practice of law for three years and that he be assessed the costs of the disciplinary proceedings. The hearing panel approved and adopted the findings and conclusions of the board and the recommendation that costs be assessed, but concluded that a three-year suspension is insufficient in light of the respondent's behavior. The hearing panel recommends disbarment.

## II.

We accept the findings and recommendations of the grievance committee as modified by the hearing panel.[3] The magnitude and extent of the respondent's misconduct compel the conclusion that disbarment is the appropriate sanction. Particularly egregious is the respondent's false statement in a motion for contempt citation in the Gonzales dissolution of marriage matter that a judge had determined that Mr. Gonzales' signature on the waiver of service form had been fraudulently obtained. *See ABA Standards* § 6.11 (disbarment

generally appropriate "when a lawyer, with the intent to deceive the court, makes a false statement ... and causes ... potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding"). At least as serious was the respondent's offer to withdraw a motion to recuse the judge and a grievance against the judge if the judge would grant a motion filed in the Gonzales dissolution of marriage proceeding. *See ABA Standards* § 6.31(b) (disbarment generally appropriate when a lawyer "makes an ex parte communication with a judge ... with intent to affect the outcome of the proceeding, and causes ... potentially serious injury to a party, or causes ... potentially significant interference with the outcome of the legal proceeding"). Equally grave was the respondent's threat to proffer criminal charges against opposing counsel if he opposed a motion in the Gonzales dissolution of marriage proceeding. *See ABA Standards* § 6.31(c) (disbarment generally appropriate when a lawyer "improperly communicates with someone in the legal system other than a witness, judge, or juror with the intent to influence or affect the outcome of the proceeding, and causes ... potentially significant interference with the outcome of the legal proceeding"). In addition, the respondent disclosed confidential information concerning the filing of charges with the grievance committee and the Commission on Judicial Discipline, included false allegations of judicial misconduct in a motion to recuse a judge, failed to provide opposing counsel with copies of documents filed with the court and included derogatory and harmful statements concerning his client in the respondent's motion to withdraw from the case.

The gross misconduct of the respondent before the hearing panel, his prior of-

---

**3.** On February 21, 1991, this court issued a citation to the respondent notifying him that he had twenty days from service to file exceptions to the findings of fact and recommendations of the grievance committee. As authorized by C.R. C.P. 241.25(b), service was by certified mail to the last address provided to the grievance committee by the respondent. The citation was returned marked "unclaimed." On April 10,

1991, we granted the complainant's motion to proceed, concluding that service had been made in compliance with C.R.C.P. 241.25(b). *See also People v. Madrid*, 700 P.2d 558, 559 (Colo.1985) (Rule 241.25(b) satisfied when certified letter sent to address provided by respondent and letter was returned indicating that the respondent had moved leaving no forwarding address).

fenses, pattern of misconduct and refusal to acknowledge the wrongful nature of his conduct are aggravating factors fortifying the conclusion that disbarment is the only sanction sufficiently severe to address the respondent's many and serious violations of his professional responsibilities. *Cf. People v. Bergmann*, 807 P.2d 568 (Colo. 1991) (attorney disbarred for willful neglect of a client matter resulting in a very substantial judgment against a client, when considered in light of extensive prior record of discipline, refusal to acknowledge misconduct, and lack of cooperation with the grievance committee); *People v. Fahrney*, 791 P.2d 1116, 1118 (Colo.1990) (attorney disbarred for chronic neglect demonstrating extreme indifference to welfare of clients and status of their cases, together with incidents of deceit, aggravated by prior record of discipline, indifference to making restitution, and lack of cooperation with grievance committee); *People v. Susman*, 787 P.2d 1119, 1120 (Colo.1990) (attorney disbarred for chronic neglect of legal matters despite prior record of discipline for similar conduct, and misrepresentation to client of actions taken on legal matter). The grievance committee found no counterbalancing factors in mitigation.

### III.

It is hereby ordered that Philip H. Bannister be disbarred and that his name be stricken from the roll of attorneys licensed to practice law in this state. In accordance with C.R.C.P. 241.21(a), this order shall be effective immediately. It is further ordered that Bannister pay the costs of this proceeding in the amount of $668.95 within sixty days of the date of issuance of this opinion. Payment must be made to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Denver, Colorado 80202.

