**Philip H. BANNISTER,**
**Plaintiff–Appellant,**

v.

**COLORADO SUPREME COURT DISCI-PLINARY COUNSEL and George Myer, Defendants–Appellees.**

No. 92CA1173.

Colorado Court of Appeals,
Div. IV.

June 17, 1993.

Philip H. Bannister, pro se.

Hall & Evans, David R. Brougham, Denver, for defendants-appellees.

Opinion by Judge COYTE.*

Plaintiff, Philip H. Bannister, appeals the dismissal of his complaint against defendants, George Myer and the Colorado Supreme Court Disciplinary Counsel. We affirm.

In *People v. Bannister*, 814 P.2d 801 (Colo.1991), our supreme court ordered plaintiff disbarred for professional misconduct. In its opinion, the court took note of some of the events that transpired during the course of the proceedings before the hearing board of the Supreme Court Grievance Committee:

> In opening remarks before the hearing board, [plaintiff] used profanity and directed threats at the members of the board. The board requested security. When security arrived, an altercation occurred that led to the arrest of [plaintiff].

*People v. Bannister*, 814 P.2d at 803–804.

As a result of these events, plaintiff brought this pro se action in April 1992, naming as defendants George Myer, who was the disciplinary prosecutor at the hearing, and the Colorado Supreme Court Disciplinary Counsel. In his complaint, plaintiff requested money damages based on the allegation that, during the hearing, Myer had violated his right to due process by causing a police officer to become involved in an altercation with plaintiff. A subsequent pleading clarified that plaintiff was relying upon 42 U.S.C. § 1983 (1988) as the basis for his claim.

Defendants responded with a motion to dismiss the complaint, arguing that plaintiff's claims were barred by the doctrine of prosecutorial immunity, the Colorado Governmental Immunity Act, and the immunity provision of C.R.C.P. 241.25(e). On May 8, plaintiff responded by filing a "motion for pause," requesting that the trial court take no action on the dismissal motion because he intended to transfer the case to federal court "under USC 1983" once he obtained counsel to represent him. On May 18, the trial court issued an order directing plaintiff to respond to the dismissal motion by June 10.

On June 8, plaintiff attempted to have his case removed to federal court. Two days later, on June 10, the federal court remanded the case to the state court on the ground that plaintiff was not authorized under 28 U.S.C. § 1446(a) (1988) to remove the action.

On June 15, defendants requested that the court proceed to rule on its dismissal motion. Plaintiff did not respond, and on

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

July 7, the trial court ruled that the motion to dismiss was deemed confessed.

■ On appeal, plaintiff seeks reversal of the judgment of dismissal by asserting that the Colorado Governmental Immunity Act does not provide a defense to a claim asserting violations of federal civil rights. Although it is true that state law cannot immunize a person from liability for constitutional torts, *see, e.g., Mucci v. Falcon School District No. 49*, 655 P.2d 422 (Colo. App.1982), we nonetheless conclude that the judgment of dismissal was proper.

■ To state a claim actionable under 42 U.S.C. § 1983 (1988), a plaintiff must allege facts demonstrating (1) that a person has deprived him of a right secured by the "Constitution and laws" of the United States and (2) that the deprivation occurred "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." *See State v. DeFoor*, 824 P.2d 783 (Colo.1992).

In *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the United States Supreme Court held that the states and the arms of the states which have traditionally enjoyed immunity are not "persons" within the meaning of § 1983 and that they are, therefore, not subject to suit under § 1983 in either federal or state court, except insofar as they are sued for prospective injunctive relief.

■ Plaintiff in effect concedes that the Colorado Supreme Court Disciplinary Counsel is properly considered an arm of the state and is not, therefore, a person under § 1983. *See* C.R.C.P. 241.4. Thus, since plaintiff has requested only damages, his claim against the disciplinary counsel must fail. Similarly, insofar as defendant Myer is sued in his official capacity, he is entitled to dismissal of the claim as well. *Will v. Michigan Department of State Police, supra; see Wilkerson v. State*, 830 P.2d 1121 (Colo.App.1992).

■ The result is no different if plaintiff's complaint is viewed as asserting a claim against Myer in his individual capacity. Prosecutors are absolutely immune from liability for money damages under § 1983 for actions within the scope of their duties in initiating and pursuing criminal prosecutions to the extent that such functions are advocatory. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Higgs v. District Court*, 713 P.2d 840 (Colo.1985). We further conclude that this immunity extends to persons who perform these functions in the prosecution of attorney discipline proceedings. *See Clulow v. State of Oklahoma*, 700 F.2d 1291 (10th Cir.1983); *Ginger v. Circuit Court*, 372 F.2d 621 (6th Cir.1967); *Clark v. State of Washington*, 366 F.2d 678 (9th Cir.1966).

As there is no dispute that the conduct complained of occurred during the course of proceedings before the hearing board, while Myer was acting in his role as an advocate for the state, we conclude that Myer was entitled to immunity from damages liability. *See Higgs v. District Court, supra.*

Plaintiff's remaining contention is without merit.

The judgment is affirmed.

PLANK and RULAND, JJ., concur.