### The PEOPLE of the State of Colorado, Complainant

v.

### Caroline FAIN, Respondent.

### No. 08PDJ002.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Jan. 25, 2010.

Attorney Regulation. Following a Sanctions Hearing, the Presiding Disciplinary Judge suspended Caroline Fain (Wyoming Attorney Registration No. 6–4026) from the practice of law in the State of Colorado for a period of one year and one day, effective February 25, 2010. Respondent, a Wyoming attorney, charged a Colorado client an unreasonable fee, disclosed client confidences, and published false statements about her client to third parties. She also failed to present mitigating evidence or otherwise participate in these proceedings. Her misconduct admitted by default constituted grounds for the imposition of discipline pursuant to C.R.C.P. 251.5 and violated Colo. 1.5(a), 1.6(a), and 8.4(c).

On October 6, 2009, the Presiding Disciplinary Judge ("the Court") held a Sanctions Hearing pursuant to C.R.C.P. 251.15(b). Kim E. Ikeler appeared on behalf of the Office of Attorney Regulation Counsel ("the People") and Caroline Fain ("Respondent") did not appear nor did counsel appear on her behalf. The Court now issues the following "Decision and Order Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

## DECISION AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I. ISSUE

An out-of state attorney who practices law in the state of Colorado is subject to the Colorado Rules of Professional Conduct and rules of procedure regarding attorney discipline. Respondent, a Wyoming attorney, charged a Colorado client an unreasonable fee, disclosed client confidences, and published false statements about her client to third parties. She also failed to participate in these disciplinary proceedings. Should the Court suspend her from the practice of law in the state of Colorado?

*SANCTION IMPOSED:* **ATTORNEY SUS-PENDED FROM THE PRAC-TICE OF LAW IN THE STATE OF COLORADO FOR A PERIOD OF ONE YEAR AND ONE DAY.**

### II. PROCEDURAL HISTORY

The People filed an "Amended Complaint" in this matter on January 11, 2008. Respondent failed to answer the amended complaint and the Court granted a "Motion for Default" on July 22, 2009. Upon the entry of default, the Court deems all facts set forth in a complaint admitted and all rule violations established by clear and convincing evidence.[1]

1. *See People v. Richards,* 748 P.2d 341, 346 (Colo. 1987).

2. *See* the People's "Amended Complaint" in 08PDJ002 for further detailed findings of fact.

### III. ADMITTED FACTS AND RULE VIOLATIONS

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted "Amended Complaint."[2] Respondent, an attorney licensed to practice law in the state of Wyoming since May 25, 2006, practiced law in the state of Colorado under the authority of C.R.C.P. 220. She is therefore subject to the jurisdiction of the Court in these disciplinary proceedings.[3]

Respondent transacted business as, and through, the Wellington Fund, LLC. In the present case, she assisted Molly B. Gorsuch with matters related to divorce proceedings. Respondent did not enter into a written fee agreement with Ms. Gorsuch, yet she accepted fees totaling $25,000.00 for her services.

On May 24, 2006, Ms. Gorsuch retained Colorado attorney Timothy B. Walker to represent her in the divorce proceedings. The retainer agreement does not reference Respondent or the Wellington Fund. Nevertheless, Respondent still formed an attorney-client relationship with Ms. Gorsuch when she performed the following work on behalf of Ms. Gorsuch following her admission as an attorney in the state of Wyoming.

Respondent attended meetings with Ms. Gorsuch, Mr. Walker, and his paralegal. Meanwhile, she instructed Ms. Gorsuch to communicate on all matters with her before taking them to Mr. Walker. Respondent subsequently obtained a packet of divorce forms from the courthouse for Ms. Gorsuch. She then met with Ms. Gorsuch and discussed the forms with her and filled them out. These forms included a form for seeking a restraining order. Ms. Gorsuch described events and Respondent filled out the forms, putting the events into her (Respondent's) words.

On June 20, 2006, Respondent appeared with Ms. Gorsuch at a restraining order hearing in Pitkin County and advised her throughout the hearing. For the next few

3. *See* C.R.C.P. 220(3) and 251.1(b).

weeks, Respondent drafted numerous letters and motions, which she provided to Colorado counsel for delivery and/or filing in the divorce proceedings. She also coordinated with expert witnesses and prepared affidavits in support of her proposed motions. Respondent continually recommended strategy and directed Mr. Walker to take action on a variety of issues throughout the divorce proceedings.

On July 4, 2006, Respondent sent Ms. Gorsuch a bill for an additional $13,625.00. On July 6, 2006, Ms. Gorsuch's father informed Respondent that Ms. Gorsuch no longer needed her services and offered to settle her fees for the amounts Ms. Gorsuch has already paid. Respondent responded by sending Ms. Gorsuch an invoice for $59,815.00 on August 11, 2006. Respondent had charged Ms. Gorsuch $250.00/hour for her services. Ms. Gorsuch did not pay this invoice.

■ Respondent charged an unreasonable fee under the circumstances. She worked on the divorce proceeding for approximately six weeks and actually only provided advice and counsel adjunct to that provided by Mr. Walker. The $250.00/hour fee for her services was far beyond an appropriate rate in light of the actual work she performed and her inexperience as a divorce attorney. As a result of this conduct, Respondent violated Colo. RPC 1.5(a).

■ On August 23, 2006, Respondent forwarded to opposing counsel and the Gorsuch family an e-mail addressed to Ms. Gorsuch. In the e-mail, Respondent accused Ms. Gorsuch of committing perjury, judge tampering, staging a 911 call to the Aspen Police department, and engaging in a criminal enterprise for financial gain. These statements were false. The e-mail also included confidential information about Ms. Gorsuch that Respondent had learned during the representation, including from attorney-client communications. As a result of this conduct, Respondent violated Colo. RPC 1.6(a) and Colo. RPC 8.4(c).

## IV. SANCTIONS

■ The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp. 1992) ("ABA *Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct.[4] In imposing a sanction after a finding of lawyer misconduct, the Court must first consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

Respondent's failure to participate in these proceedings leaves the Court with no alternative but to consider only the established facts and rule violations set forth in the amended complaint in evaluating these factors. The Court finds that Respondent violated duties owed to her client and other duties owed as a professional.[5] Respondent specifically violated her duties to charge a reasonable fee, maintain client confidences, and act with candor toward her client. The entry of default established that Respondent *knowingly* engaged in this conduct and that she caused injury to her client.

The Court finds that certain aggravating factors exist in this case under ABA *Standard 9.22*. The aggravating factors include: a dishonest or selfish motive and vulnerability of the victim.[6] Ms. Gorsuch testified via telephone during the Sanctions Hearing as to her vulnerability at the time she met Respondent. She specifically testified to the stress of the pending divorce proceedings, the health of her parents at the time, and the responsibility of caring for three children. Ms. Gorsuch also explained that while Respondent did not perform $25,000.00 worth of work, Respondent "did some things" for which she valued at $5,000.00.

Due in part to the absence of any contradictory evidence, the Court finds clear and convincing evidence to support each aggravating factor. Respondent failed to participate in these proceedings and therefore presented no evidence in mitigation. Nevertheless, the

---

4. *See In re Roose,* 69 P.3d 43, 46–47 (Colo.2003).

5. *See* ABA *Standards* 4.0 and 7.0.

6. *See* ABA *Standards* 9.22(b) and (h).

Court finds an absence of a prior disciplinary record.[7]

The ABA *Standards* suggest that suspension is the presumptive sanction for the misconduct demonstrated by the admitted facts and rule violations in this case. Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.[8] Suspension is also generally appropriate when a lawyer knowingly reveals information relating to the representation of a client not otherwise lawfully permitted to be disclosed, and this disclosure causes injury or potential injury to a client.[9]

Applying the ABA *Standards,* the Colorado Supreme Court has held that suspension is the presumptive sanction when an attorney charges for work that provides no benefit to the client.[10] The Colorado Supreme Court has also disbarred an attorney for making derogatory and harmful statements in a motion to withdraw and suspended an attorney for sharing confidential information with a client's co-defendant.[11] The Court concludes that Respondent engaged in misconduct involving a selfish motive consistent with these cases and that the mitigating factors are insufficient to deviate from the presumed sanction of suspension.

## V. *CONCLUSION*

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. This includes out-of state attorneys who practice law in the state of Colorado. The facts established in the amended complaint reveal that Respondent, a Wyoming attorney, charged an unreasonable fee, disclosed client confidences, and published false statements about her client to third parties. She also acted knowingly and with a selfish motive toward her client who was in the throes of a contentious divorce. In consideration of the nature of Respondent's misconduct, her mental state, the actual harm she caused, and the absence of sufficient mitigating factors to deviate from the presumed sanction, the Court concludes that the ABA *Standards* and Colorado Supreme Court case law both support suspension in this case.

## VI. *ORDER*

The Court therefore **ORDERS:**

1. Caroline Fain, Wyoming State Bar Attorney Registration No. 6–4026, is hereby **SUSPENDED** from the practice of law **IN THE STATE OF COLORADO** for a period of **ONE YEAR AND ONE DAY.** The suspension **SHALL** become effective thirty-one (31) days from the date of this order in the absence of a stay pending appeal pursuant to C.R.C.P. 251.27(h).

2. Respondent **SHALL** pay restitution in the total amount of $20,000.00 ($25,-000.00 less $5,000.00 earned) with statutory interest accruing from July 5, 2006.

3. Respondent **SHALL** pay the costs of these proceedings. The People shall submit a "Statement of Costs" within fifteen (15) days of the date of this order. Respondent shall have ten (10) days within which to respond.

7. *See* ABA *Standards* 9.32(a).

8. *See* ABA *Standard* 7.2.

9. *See* ABA *Standard* 4.22.

10. *See People v. Boyle,* 942 P.2d 1199, 1202 (Colo.1997).

11. *See People v. Bannister,* 814 P.2d 801, 803 (Colo.1991); *People v. DeLoach,* 944 P.2d 522 (Colo.1997).